## 58577. BRAY et al. v. THE STATE.

BIRDSONG, Judge.

Appellants Gordon, Steven and Robert Bray (brothers) and Carl Whitley were convicted of an undesignated crime in the Superior Court of Cherokee County. It appears that the trial continued for a period of six days and a trial record and transcript developed of some volume. Evidence was submitted that the costs of a transcript would run from $2,000 to $3,000. The four appellants filed a motion in forma pauperis requesting that they be furnished a free transcript as provided in Code Ann. § 24-3413 in order to perfect their direct appeal. The state prosecutor filed a traverse to the motion. After a full hearing, the trial court denied the motion holding that for a variety of reasons the appellants did not meet the criteria of indigency and authorized the county to pay only for those transcript costs exceeding the sum of $2,000. Appellants have filed the present appeal enumerating three errors. *Held:*

Appellants seek to attack the denial of their motion to proceed as indigents by asserting that the traverse by the state was not in actuality a traverse; that the trial

court erred in relying upon the Criminal Justice Act rather than relying solely upon Code § 24-3413; and that by denying the appellants the right to proceed in forma pauperis; the trial court violated their constitutional rights. We disagree with each of these contentions. There is no question that the state filed an adequate traverse and offered substantial evidence contradicting the assertion of indigency. Moreover, the trial court, while considering many factors, some of which were ostensible due process rights and rights to payment for expenses of litigation created by the Criminal Justice Act, nevertheless properly and consistently exercised its discretion to grant or deny the motion to proceed in forma pauperis within the confines of Code § 24-3413. Lastly, the statute authorizing the denial of such a motion does not deprive a criminal appellant of any of his constitutional protections. *Grace v. Caldwell,* 231 Ga. 407 (202 SE2d 49).

More importantly, we are not required to reach the real substance of any of the enumerations. "The ruling of the trial court on all issues of fact concerning the ability of a party to pay costs or give bond is final under the provisions of [Code Ann. § 24-3413] and is not subject to review. [Cit.]" *Grace v. Caldwell,* supra, p. 409; *Williams v. State,* 147 Ga. App. 632 (1) (249 SE2d 694).

*Judgment affirmed. Quillian, P. J., and Smith, J., concur.*

ARGUED SEPTEMBER 12, 1979 — DECIDED OCTOBER 25, 1979 — REHEARING DENIED NOVEMBER 19, 1979.

*Charles Thornton,* for appellants.
*Frank C. Mills, III, District Attorney, William R. Pardue, Assistant District Attorney,* for appellee.