## 61634. JOHNSON v. THE STATE.

McMURRAY, Presiding Judge.

The defendant was indicted and convicted for the offense of armed robbery in two counts, the same occurring some five days apart in the same locality in which the offensive weapon was "a certain pistol" in the robbery of two separate service stations. He was sentenced to serve a term of 20 years as to Count 1 and 10 years as to Count 2 to be served consecutively to the sentence imposed on Count 1, but on probation, as to Count 2, upon compliance with the conditions imposed. Motion for new trial was filed and denied, and defendant appeals. *Held:*

1. The threshold inquiry here does not disclose the identification used was impermissibly suggestive; hence there was not a substantial likelihood of irreparable misidentification. See in this connection *Gravitt v. State,* 239 Ga. 709, 710 (4) (239 SE2d 149); *Daniel v. State,* 150 Ga. App. 798 (1), 799 (258 SE2d 604); Neil v. Biggers, 409 U. S. 188, 198-199 (93 SC 375, 34 LE2d 401). The trial court did not err in refusing to exclude the in-court identification based upon the defendant's contention that the identification was allegedly tainted by prior photographic and live lineup identification, not shown by the evidence to be true.

2. One of the victims had testified in his description that he gave

the police that he had told them the robber had a reddening of the lips (cherry red lips) as they receded into his mouth. Thereafter when the defendant was on cross examination he was shown a photographic lineup picture of himself and testified that it was a photograph of himself. He then admitted that as you can see in the photograph he had a reddening of the lips "when you open your mouth." He was then asked to step down in front of the jury box and then to pull his lip down so that the jury could see the inside of his mouth. Objection was then made and sustained, and the defendant returned to the witness stand.

Defendant now complains that the trial court erred in failing to grant a mistrial. However, there was no motion made for a mistrial and there is nothing for this court to review. A mere objection which is sustained does not constitute a motion for mistrial. *Wilson v. State,* 145 Ga. App. 315, 324 (244 SE2d 355); *Lenear v. State,* 239 Ga. 617, 620 (12, 13), 621 (238 SE2d 407). Here the defendant was not compelled to produce evidence against himself and the defendant's reliance upon *State v. Armstead,* 152 Ga. App. 56 (1) (262 SE2d 233) is misplaced. The trial court did not err in not sua sponte calling a mistrial under the circumstances here.

3. In consideration of the general grounds of the motion for new trial as to the sufficiency of the evidence as well as the conflicting evidence with reference to the alibi defense, we have carefully reviewed the entire record and transcript and find that a rational trier of fact could reasonably have found from the evidence adduced at trial proof of guilt of the defendant beyond a reasonable doubt of each of the offenses of armed robbery. *Driggers v. State,* 244 Ga. 160, 161 (1) (259 SE2d 133); *Moses v. State,* 245 Ga. 180, 181 (1) (263 SE2d 916); *Jones v. State,* 154 Ga. App. 806, 807 (1) (270 SE2d 201); *Sanders v. State,* 246 Ga. 42 (1) (268 SE2d 628). The verdict is not contrary to the evidence nor is it decidedly against the weight of the evidence.

4. The defendant enumerates as error the trial court's refusal to sever for trial the two counts of armed robbery. The Supreme Court of Georgia has held that where two or more offenses have been joined *solely* on the ground that they are of the same or similar character, the trial judge, upon defendant's motion for severance, must order separate trials for each of the offenses charged. *Dingler v. State,* 233 Ga. 462, 463 (211 SE2d 752). However, the trial judge has discretion concerning the severance of a trial when there is evidence of "two or more offenses based on the same conduct or on a series of connected acts or constituting parts of a single scheme or plan." *Padgett v. State,* 239 Ga. 556, 558 (238 SE2d 92). The question then is whether the offenses in the case sub judice were joined merely because they

were of the same or similar character or whether they were joined together by virtue of their being connected acts or constituting parts of a single scheme or plan.

Georgia courts have looked to various factors to indicate whether a series of acts are connected or whether the acts constitute parts of a single scheme or plan. In the case of *Askea v. State,* 153 Ga. App. 849, 850 (2) (267 SE2d 279), this court held that the trial court did not abuse its discretion in denying a motion to sever as a repeated pattern of conduct connecting the offenses together was established because the burglaries all occurred in and around the same town; the method of entry was very similar in each instance, and the circumstances surrounding each incident were nearly identical (the time it occurred, the type of property stolen, and the fact that only occupied residences were victimized). In *Clemson v. State,* 239 Ga. 357, 359 (1) (236 SE2d 663), the court held that "nearly identical" armed robberies which occurred a few miles apart within minutes of each other, constituted a continuous series of acts making the decision to grant severance within the sound discretion of the trial judge.

In the case sub judice the two robberies, occurring within five days of one another, were similar in nearly every respect. In both instances a self-service gas station located less than one-half mile apart on Jimmy Carter Boulevard in Gwinnett County was robbed at night while there were no customers. Both times the lone gunman wearing a green Army jacket arrived on foot, entered the store, approached the counter and asked for cigarettes. The robber then brandished his handgun and demanded money. Upon compliance with the robber's request, the attendant at each station was ordered to the floor and warned that he would be shot if he attempted to apprehend the gunman as he fled the scene. Because of the nearly identical circumstances surrounding the robberies — the method of operation of the criminal, the type and proximate location of businesses robbed and the similarity of evidence as to the identity of the accused — we find the evidence sufficient to indicate that the series of acts were connected so as to authorize joinder of the offenses.

In cases where joinder of offenses is allowable, severance should be granted where it is deemed appropriate to promote a fair determination of the defendant's guilt or innocence of each offense. However, the trial judge may balance the interest of the state and the accused by considering such factors as whether the same evidence would be necessary and admissible in each case and whether the joining of the counts in one trial might confuse the jury. Compare *Jarrell v. State,* 234 Ga. 410 (1) (216 SE2d 258). We therefore hold that the trial court did not err in refusing severance of the offenses. In

the present case the joint trial provided a fair determination of defendant's guilt of each offense.

*Judgment affirmed. Quillian, C. J., and Pope, J., concur.*

DECIDED APRIL 29, 1981.

*Charles A. Tingle,* for appellant.

*Bryant Huff, District Attorney, William P. Rowe III, Assistant District Attorney,* for appellee.