## 65538. QUICK v. THE STATE.

BIRDSONG, Judge.

Appellant was tried and convicted of aggravated sodomy, public indecency, and two counts of aggravated assault arising from three separate incidents occurring in December 1981. He was acquitted of a kidnapping charge contained in the single indictment.

In late 1981, the Decatur County Sheriff's Department and the City of Bainbridge Police Department received several reports of sex-related incidents in Bainbridge and Decatur County involving a black male. Several of the incidents, including two of the three for which appellant was tried, occurred when a young, black male driving a black and silver (or gray) automobile with flashing lights pulled to the side of the road vehicles being driven by females. One aggravated assault charge in this case arose from a December 9 incident during which a prosecutrix in this case was pulled to the side of the road by another vehicle and approached by the driver of that vehicle wielding a small pistol. The other aggravated assault and the aggravated sodomy charges arose from an incident occurring on December 20 during which another prosecutrix was pulled to the side of the road in a similar manner, assaulted with a small pistol, and sodomized. The third prosecutrix in this action was the witness of an incident of public indecency occurring on December 14 in the Bainbridge Shopping Mall parking lot when a black male exposed his genitals to her while he was seated in his automobile. The latter witness obtained the license plate number of the perpetrator's automobile and turned it over to the Bainbridge police. This number was later turned over to the Decatur police, who traced the license to a vehicle registered to appellant at a Seminole County address.

Decatur investigating officer Wayne Kirksey, accompanied by a Seminole County police officer, visited appellant's residence on December 28. Kirksey noted that appellant's vehicle was a 1974 black and silver Monte Carlo. Appellant agreed to accompany Kirksey to the Decatur County Sheriff's Department for questioning. After arriving at the sheriff's department, appellant received the Miranda warnings, signed a waiver, and was questioned for approximately 30 minutes. During the course of the questioning, appellant denied involvement with any of the incidents under investigation but did reveal that his mother owned a gun that he sometimes carried in his car.

Appellant was detained overnight in the Decatur County Jail and placed in a lineup on the afternoon of December 29. During the lineup, he was identified by the victim as being the perpetrator of the aggravated sodomy. A warrant was then taken in connection with

that incident. On December 31, a second lineup was conducted during which the victims of both the other aggravated assault and the public indecency charges identified appellant. Warrants were then taken in connection with both of these incidents. The gun referred to by appellant in his initial questioning was delivered to the Decatur police by appellant's mother on December 29. Both assault victims identified the gun as being the weapon used in connection with each assault.

1. Appellant enumerates 33 separate errors but does not address 15 in his brief. Pursuant to this court's Rule 15 (c) (2), these enumerations are considered abandoned. Although appellant has attempted to address these enumerations in a supplemental brief, filed after oral argument, "such brief may supplement only an original brief's treatment of the same subject. An additional brief may not be used to argue enumerations not argued in the original brief." *MacDonald v. MacDonald,* 156 Ga. App. 565, 569 (275 SE2d 142).

2. Appellant's third, eleventh, twenty-sixth, and twenty-seventh enumerations challenge the trial court's ruling to admit into evidence statements made by appellant after his arrest, the lineup identifications, testimony regarding the victims' demeanor at the lineups, and the gun obtained from appellant's mother. These enumerations are premised on the argument that appellant's arrest was illegal and that his statements, the lineup, and the gun were all fruits of that arrest and inadmissible pursuant to Wong Sun v. United States, 371 U. S. 471 (83 SC 407, 9 LE2d 441) and United States v. Crews, 445 U. S. 463 (100 SC 1244, 63 LE2d 537).

Appellant's argument must fail, however, because the facts do not support his contention that his arrest was illegal. At the time Kirksey decided to visit appellant's residence, he was in the process of investigating incidents of sex-related offenses occurring in late 1981 in Decatur County. As noted, several incidents occurred when the perpetrator, who was always reported to be a black male, pulled women traveling alone to the side of the road by flashing his headlights. At least two of the victims were assaulted with a small handgun. The incident of public indecency occurred at Bainbridge Mall, where one of the assault victims worked and nearby the place of employment of the other. Several of the victims described the perpetrator's vehicle as being a "black over silver, early 70's Monte Carlo or Grand Prix." Several of the victims also reported that the perpetrator was wearing a beach-type or knit hat. One of the victims identified the tag number on appellant's black and silver 1974 Monte Carlo. Upon Kirksey's arrival at appellant's residence, appellant was wearing a beach-type hat and his car matched the victims'

descriptions. Kirksey also noted that appellant's physical appearance matched that given by the victims.

The undisputed evidence showed that appellant voluntarily consented to accompanying Kirksey to Decatur County for questioning. During this questioning, it was learned that appellant sometimes carried his mother's pistol in his car.

"[A]n arrest is constitutionally valid if, at the moment the arrest is made, the facts and circumstances within the knowledge of the arresting officers and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the accused had committed or was committing an offense." *Durden v. State,* 250 Ga. 325, 326 (297 SE2d 237). Based upon the information known to the officers at the conclusion of the questioning of appellant, the officers clearly had reasonably trustworthy information sufficient to warrant a prudent man in believing that appellant had committed a felony; therefore, probable cause existed for the arrest and detention of appellant until the lineup the next day. See *Cobb v. State,* 244 Ga. 344 (4) (260 SE2d 60) (matching description of vehicle and occupants sufficient probable cause for arrest); *Dodson v. State,* 237 Ga. 607 (1) (229 SE2d 364) (license number of vehicle reported by victim sufficient probable cause for search of vehicle). Subsequent to the positive lineup identification of appellant by the victim of the aggravated sodomy the day after appellant's arrest, a warrant relating to that incident was obtained. Appellant contends that his arrest was in violation of OCGA § 17-4-20 (Code Ann. § 27-207); however, an arrest meeting the constitutional requirements "of probable cause [is] valid whether or not [OCGA § 17-4-20] was violated." *Vaughn v. State,* 247 Ga. 136, 138 (274 SE2d 479); *Sanders v. State,* 235 Ga. 425, 438 (219 SE2d 768). "An arrest and search, legal under federal law, are legal under state law." *Durden,* supra, p. 327.

Since appellant's arrest was valid, the trial court properly denied his motion to suppress and trial objections relating to his statements, the pistol, and the lineup identifications. Consequently, these enumerations of error are without merit.

3. Appellant moved to sever the trial of the charges arising from the three separate incidents, and his seventh enumeration challenges the trial court's denial of his motion. "Offenses may . . . be joined for trial when they are based (1) ' on the same conduct' or (2) 'on a series of acts connected together' or (3) on a series of acts 'constituting parts of a single scheme or plan'. . . . If the offenses are joined for any of these three reasons, the defendant does not have an automatic right of severance; instead, the trial judge may grant severance if it is necessary 'to achieve a fair determination of the defendant's guilt or

innocence of each offense.'" *Haisman v. State,* 242 Ga. 896, 900 (252 SE2d 397). "It appears that [each of the counts with which appellant was charged] were joined and tried on the theory that they evidenced ' "a series of connected acts or constitute[ed] parts of a single scheme or plan."[Cit.]'" *Barber v. State,* 161 Ga. App. 435, 436 (288 SE2d 353). "[T]he trial judge has discretion concerning the severance of a trial when there is evidence of 'two or more offenses based on the same conduct or on a series of connected acts or constituting parts of a single scheme or plan.'" *Johnson v. State,* 158 Ga. App. 398, 399 (280 SE2d 419).

We hold that there was sufficient evidence of "a series of connected acts," *Id.,* to authorize a single trial of the five counts charged in the indictment, and that the trial judge did not abuse his discretion in denying appellant's motion. Three of the counts (aggravated sodomy, kidnapping, and one aggravated assault) involved the same victim and same conduct. Four of the counts (aggravated sodomy, kidnapping and both aggravated assaults) were accomplished by virtually identical means. All counts involved locations in close proximity, similar descriptions of the perpetrator, a connection involving the vehicle used by the perpetrator, sex-related offenses, and close proximity in time. Under the facts of this case, the trial court did not err in refusing to sever the trial of the five counts in the indictment, and appellant's seventh enumeration of error is without merit. See *Johnson,* supra; *Moment v. State,* 157 Ga. App. 40 (276 SE2d 97); *Williams v. State,* 150 Ga. App. 852 (2) (258 SE2d 659).

4. Appellant's first and second enumerations of error challenge the committal court and trial court's denial of an in forma pauperis copy of the transcript of the preliminary hearing. The record shows that appellant's motion was accompanied by his pauper's affidavit. The record contains no traverse of that affidavit, although two hearings were held on the issue of appellant's indigence and entitlement to a copy of the preliminary hearing transcript. Although OCGA § 9-15-2 (Code Ann § 24-3413) was amended effective November 1, 1982, subsequent to this action, to provide that the trial court could conduct a hearing "[i]n the absence of a traverse affidavit," Ga. L. 1982, p. 933, prior to the 1982 amendment the trial court was required to grant such a motion in the absence of a traverse. *Martin v. State,* 151 Ga. App. 9 (9) (258 SE2d 711). However, appellant may not complain on appeal of the state's failure to traverse this pauper's affidavit. Both the committal hearing judge and trial judge held hearings on the issue of appellant's indigency and both denied his motion. At no time did appellant object to the hearings on the grounds that the issue was not properly before the court or that the state had failed to traverse his affidavit.

Consequently, he is deemed to have waived this now-defunct technical requirement. There is no error in the court's denial of appellant's motion. " 'The ruling of the trial court on all issues of fact concerning the ability of a party to pay costs or give bond is final . . . and is not subject to review. [Cits.]' " *Bray v. State,* 152 Ga. App. 404, 405 (263 SE2d 184). Consequently, these enumerations of error are without merit.

5. Appellant's sixth and thirteenth enumerations of error challenge the trial court's denial of his motion to have all voir dire transcribed. Appellant moved for a change of venue, and that motion was partially based upon responses elicited from prospective jurors during voir dire. The trial court did order transcription of all objections and rulings made during voir dire.

Appellant's contentions are controlled adversely by the Supreme Court's holding in *State v. Graham,* 246 Ga. 341 (271 SE2d 627). Although appellant argues that the distinction between capital felony and felony cases accruing from *Graham* and *Owens v. State,* 233 Ga. 869 (214 SE2d 173), wherein the Supreme Court held that voir dire must be made a part of the record in cases in which the death penalty is imposed, violates appellant's equal protection and due process rights pursuant to Mayer v. Chicago, 404 U. S. 189 (92 SC 410, 30 LE2d 372), we are constrained to apply the holding of *Graham,* supra. Consequently, the trial court did not err in refusing to order the transcription of all voir dire.

6. In enumerations five and eight, appellant challenges the trial court's denial of his motion to hire "investigators and expert witnesses" and his motion to require the state to provide an expert to examine certain physical evidence. Appellant argues that he needed "investigators and expert witnesses" to compile evidence for trial, his venue challenge, and his challenge to the array of the petit jury. Pretermitting the question of whether appellant would be entitled to these services at the state's expense, the trial court denied appellant's motion for "investigators and expert witnesses" after hearing and receipt of evidence as to appellant's alleged indigency. This ruling is not subject to attack on appeal. See Division 4, supra. Furthermore, this matter is within the sound discretion of the trial court, and we find no abuse of discretion in the denial of this motion. *Stevens v. State,* 247 Ga. 698, 702 (278 SE2d 398). As to appellant's right to inspect, examine, and test physical evidence, the record reveals that the motion, as presented by appellant, was granted by the trial court. Both enumerations five and eight are without merit.

7. The tenth enumeration asserts as error the trial court's denial of appellant's challenges to the array of the petit jury. However, this enumeration is without merit because the record is absolutely devoid

of evidence showing deliberate and identifiable exclusion of identifiable and distinct groups from the jury lists. *Sanders v. State,* supra.

8. Appellant's fourteenth, fifteenth, sixteenth, eighteenth, and nineteenth enumerations charge that the trial court erred in refusing to permit certain voir dire questions. A review of the record reveals no abuse of discretion by the trial court in that four of the questions were repetitive of information previously elicited and the fifth was a further inquiry into the alleged racially discriminatory policies of a fraternal organization. As to the latter, the court permitted questions leading to discovery of membership in the organization and permitted several questions concerning the racial makeup of the organization and its admission policies. "The trial court [clearly] did not abuse his discretion prohibiting further inquiry." *Wallace v. State,* 248 Ga. 255, 261 (282 SE2d 325).

9. The fourth enumeration of error challenges the trial court's denial of appellant's motion to change venue. "The law in Georgia is well established, and a myriad of cases so hold, that a motion for a change of venue addresses itself to the sound discretion of the trial judge, and that discretion will not be disturbed on appeal unless it can be shown that there was an abuse of this discretion." *Coleman v. State,* 237 Ga. 84, 90 (226 SE2d 911). There clearly was no abuse of discretion in this case since the record is completely absent "of any showing that there was pervasive and prejudicial pre-trial publicity, and that such publicity caused the prospective jurors to have a fixed opinion as to the appellant's guilt. . . ." *Heard v. State,* 141 Ga. App. 666, 669 (234 SE2d 83).

10. Because of our holding in Division 1 above, the remaining enumerations of error are deemed abandoned.

*Judgment affirmed. Shulman, C. J., and McMurray, P. J., concur.*

DECIDED APRIL 7, 1983 —
REHEARING DENIED MAY 2, 1983 — 

*James Finkelstein,* for appellant.
*J. Brown Mosley, District Attorney, W. Paul Fryer, Assistant District Attorney,* for appellee.