## 68874. MATHIS v. THE STATE.

(323 SE2d 227)

Sognier, Judge.

Mathis appeals from conviction of two counts of robbery and three counts of armed robbery.

1. Appellant contends the trial court erred by not excluding from his confession which was read to the jury a statement that he had assaulted two policemen in Florida and then plea bargained with the court. Appellant argues that the trial court thus allowed the State to place his character in issue although appellant had not injected his character. This contention was decided adversely to appellant in *Bradford v. State*, 166 Ga. App. 584, 585-586 (4) (305 SE2d 32) (1983), where we held it is not a valid ground of objection to admission into evidence of a confession by the accused that the language indicated he had committed another, separate offense. See also *Burke v. State*, 248 Ga. 124, 126 (3) (281 SE2d 607) (1981).

2. Appellant claims error in the denial of his motion to sever the offenses, arguing that the number of charges and the complexity of the facts were such that the jury would be unable to distinguish the evidence and apply the law to each offense independently from the other offenses.

The six robberies with which appellant was charged (he was acquitted of one charge) occurred within a period of 15 days, on the same street, at businesses within a short distance of each other and appellant's method of robbing the victims was the same.

Offenses may be joined for trial when they are based on a series of acts connected together or on a series of acts constituting part of a single scheme or plan. *Quick v. State*, 166 Ga. App. 492, 494 (3) (304 SE2d 916) (1983). If the offenses are joined for either reason the defendant does not have an automatic right of severance. Id. The trial judge has discretion concerning the severance of a trial when there is evidence of two or more offenses based on a series of connected acts or constituting facts of a single scheme or plan. *Johnson v. State*, 158 Ga. App. 398, 399 (4) (280 SE2d 419) (1981). We find there was sufficient evidence of a series of connected acts to authorize a single trial, and the trial court did not err by denying appellant's motion to sever. *Quick*, supra at 495 (3); *Johnson*, supra.

*Judgment affirmed. McMurray, C. J., and Deen, P. J., concur.*

DECIDED OCTOBER 4, 1984.

*Susan E. Teaster*, for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Paul How-*

*ard, Assistant District Attorneys*, for appellee.