### 73641. ST. JOHN v. THE STATE.
(357 SE2d 311)

McMURRAY, Presiding Judge.

Defendant was charged by six indictments with a total of eight (8) counts of cruelty to children and one count of child molestation. On the trial of the case, seven counts of cruelty to children were dismissed at the conclusion of the State's case. The jury returned a verdict of not guilty on the remaining count of cruelty to children and a verdict of guilty on the child molestation charge. Defendant appeals his conviction of child molestation. *Held*:

1. Defendant enumerates as error the admission of testimony "as to alleged acts of child molestation and child abuse by the defendant which allegedly occurred before those acts which were charged in the indictment . . ." The victim, who was 10 years of age at the time of the trial, testified that defendant lived with her, her mother and four brothers in Fayette County and previous to that in Spalding County and Ohio. The victim testified that on occasion defendant would come into her bedroom after she had gone to bed and try to "hump" her, that is, that defendant would try to take her pants down, that he would get her pants part of the way down, place his penis between her legs and go up and down, sometimes ejaculating. The victim testi-

fied that defendant had done this in Fayette County, Spalding County and Ohio and that even though it was in the dark she recognized defendant's voice and was certain that it was defendant doing that.

The State's evidence clearly satisfies the two conditions precedent for the admission of similar transactions for limited purposes, such as showing identity, motive, plan, scheme, bent of mind and course of conduct. The State's evidence shows, first, that the defendant was in fact the perpetrator of the independent crime and, second, there was sufficient similarity or connection between the independent crime and the offense charged, so that proof of the former tends to prove the latter. See *Miller v. State*, 179 Ga. App. 100 (1) (345 SE2d 647); *Munn v. State*, 179 Ga. App. 357 (2) (346 SE2d 128); *Williams v. State*, 180 Ga. App. 227 (348 SE2d 747); *Davis v. State*, 180 Ga. App. 190, 191 (2) (348 SE2d 730); *Cunningham v. State*, 255 Ga. 35, 37 (4) (334 SE2d 656). This enumeration of error is without merit.

2. Defendant enumerates as error the denial of his motion to sever the offenses, arguing that the offenses of child molestation and cruelty to children were unrelated. "Offenses may be joined for trial when they are based on a series of acts connected together or on a series of acts constituting part of a single scheme or plan. *Quick v. State*, 166 Ga. App. 492, 494 (3) (304 SE2d 916) (1983). If the offenses are joined for either reason the defendant does not have an automatic right of severance. Id. The trial judge has discretion concerning the severance of a trial when there is evidence of two or more offenses based on a series of connected acts or constituting [parts] of a single scheme or plan. *Johnson v. State*, 158 Ga. App. 398, 399 (4)(280 SE2d 419) (1981)." *Mathis v. State*, 172 Ga. App. 314 (2) (323 SE2d 227). Pretermitting any issue presented by the absence from the record of any ruling on defendant's motion to sever, we note that in the case sub judice the victim under each count of the indictment was a minor child of the woman with whom defendant had been (at least intermittently) living, and the offense involved some physical abuse of the child. There was sufficient evidence of a series of acts connected together or of a series of acts constituting a single scheme or plan. *Mathis v. State*, 172 Ga. App. 314 (2), supra; *Gober v. State*, 247 Ga. 652, 653 (278 SE2d 386).

3. Defendant contends the trial court erred in denying his general demurrers to the indictment. Defendant contends that the indictment was vague and covered a period of time so lengthy that it did not enable defendant to adequately prepare a defense. Defendant was charged with child molestation in that between October 1st and October 30th, 1984 defendant, "did an indecent act, to wit: placed his penis between the legs of [the victim], a child under 14 years of age, with intent to satisfy the sexual desires of said accused . . ." The lan-

guage of the indictment properly alleged the offense of child molestation. "[A]n indictment sufficient to state a crime in violation of an appropriate statute (which we find to be true in this case) will not be stricken on a demurrer generally asserting that the indictment is vague, uncertain and indefinite. *Jones v. State*, 115 Ga. 814 (42 SE 271)." *Lush v. State*, 168 Ga. App. 740, 742 (3) (310 SE2d 287). Nor do we find any indication that the period of time covered by the indictment impaired defendant's ability to adequately prepare a proper defense. See in this regard *Keri v. State*, 179 Ga. App. 664, 668 (4) (347 SE2d 236). "[T]he true test of the sufficiency of the indictment is not 'whether it could have been made more definite and certain, but whether it contains the elements of the offense intended to be charged, "and sufficiently apprises the defendant of what he must be prepared to meet, and, in case any other proceedings are taken against him for a similar offense, whether the record shows with accuracy to what extent he may plead a former acquittal or conviction." ' *Walker v. State*, 146 Ga. App. 237, 241 (246 SE2d 206) and cits." *State v. Black*, 149 Ga. App. 389, 390 (2) (254 SE2d 506). The indictment in the case sub judice satisfies this test. See also *Fletcher v. State*, 157 Ga. App. 707 (2) (278 SE2d 444).

4. Defendant contends that the trial court erred in not granting his motion for new trial when after a period in excess of one year elapsed and the trial transcript of the defendant's trial was not prepared and submitted, so that defendant could proceed with his appeal. The jury returned its verdict on March 20, 1985, and defendant was sentenced on March 27, 1985. Defendant's motion for new trial, raising the general grounds, was filed on April 9, 1985, and amended on May 13, 1986, to raise the issue of the delay in preparation of the transcript. The motion for new trial was amended a second time on July 11, 1986, to raise additional issues. The trial transcript was filed on June 13, 1986. The motion for new trial was denied July 22, 1986, and the notice of appeal filed August 8, 1986.

The effect of such delays in transcript preparation is governed by the balancing test set forth in *Barker v. Wingo*, 407 U. S. 514 (92 SC 2182, 33 LE2d 101) and adopted in *Graham v. State*, 171 Ga. App. 242, 250 (7) (319 SE2d 484). Applying the four factors of that test to the case sub judice, we find although there was a delay in excess of one year " '(t)he mere passage of time is not enough, without more, to constitute a denial of due process.' *Hughes v. State*, 228 Ga. 593 (1a) (187 SE2d 135) (1972)." *Graham v. State*, 171 Ga. App. 242, 250 (7), supra. The reason for delay is not shown in the record. The defendant attempted to assert his right by amendment to his motion for new trial and by letter to the court reporter dated October 10, 1985. Finally, we find no indication of any prejudice to defendant. " 'Unless it clearly appears that the delay in filing the transcript prevented the

presentation of an adequate appeal or impaired a defense which would otherwise be available to an appellant where a new trial is ordered due to trial error, an appellant has not suffered the prejudice which turns a transcript delay into a violation of due process of law. . . . Since (defendant) did not make the requisite showing, the delay in filing the transcript is not adequate grounds on which a new trial should be granted.' *Graham v. State*, 171 Ga. App. 242, 250 (7), supra. This enumeration of error is without merit." *Proffitt v. State*, 181 Ga. App. 564, 566 (3) (353 SE2d 61).

Additionally, while defendant argues that the transcript shows an absence of sufficient evidence to authorize a conviction for child molestation, we do not find this assertion to be correct. Any rational trier of fact would be authorized to find from the evidence adduced at trial that defendant was guilty beyond a reasonable doubt of the offense of child molestation. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

*Judgment affirmed. Sognier and Beasley, JJ., concur.*

DECIDED MAY 14, 1987.

*Joseph J. Saia*, for appellant.
*Johnnie L. Caldwell, Jr.*, District Attorney, *James E. Sherrill, J. David Fowler*, Assistant District Attorneys, for appellee.