### 74977. BAKER v. THE STATE.
(362 SE2d 96)

CARLEY, Judge.

Appellant was tried before a jury and found guilty of criminal trespass and simple battery. He appeals from the judgments of conviction and sentences entered on the guilty verdicts.

1. Urging the existence of fatal variance between the allegations of the accusation and the proof at trial, appellant enumerates the general grounds as to his criminal trespass conviction.

The accusation alleged that appellant had knowingly and without authority entered the land of another "after receiving, prior to such entry, notice from the owner and rightful occupant, to wit: Wiley J. Casey, that such entry was forbidden. . . ." The proof offered at trial showed that appellant had knowingly and without authority entered the property of Mr. Casey after receiving notice that such entry was forbidden. However, the evidence also showed that the notice to appellant that such entry was forbidden had actually been given, not by Mr. Casey, but by Mrs. Casey, a co-owner and co-occupant of the premises. In *DePalma v. State*, 225 Ga. 465, 469 (169 SE2d 801) (1969), the Supreme Court of Georgia "adopted the criterion developed by the United States Supreme Court for determining whether or not a variance is fatal: ' "The general rule that allegations and proof must correspond is based upon the obvious requirements (1) that the accused shall be definitely informed as to the charges against him, so that he may be enabled to present his defense and not be taken by

surprise by the evidence offered at the trial; and (2) that he may be protected against another prosecution for the same offense." . . . [Cit.]' " *Dobbs v. State*, 235 Ga. 800, 801-802 (3) (221 SE2d 576) (1976). That the prior notice to appellant had been given by Mrs. rather than by Mr. Casey "did not subject [appellant] to either of these dangers. [Cits.]" *Dobbs v. State*, supra at 802 (3). Therefore, the variance is not fatal, and does not require reversal of appellant's conviction.

After a review of the entire record, we find that a rational trior of fact could reasonably have found from the evidence produced at trial proof of appellant's guilt beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant's remaining enumeration of error has been considered but is found to be without merit.

*Judgment affirmed. Banke, P. J., and Benham, J., concur.*

DECIDED OCTOBER 2, 1987.

*Albert F. Burkhalter, Jr.*, for appellant.

*Stephen F. Lanier, District Attorney, Danny W. Crabbe, Assistant District Attorney*, for appellee.