## 76796. HOUSTON v. THE STATE.
(375 SE2d 239)

POPE, Judge.

Defendant Manuel E. Houston appeals from his convictions and sentences for the offenses of child molestation (two counts), aggravated sodomy and incest.

1. Defendant first contends the trial court erred in denying his motion for directed verdict of acquittal and his motion in arrest of judgment as to the aggravated sodomy charge, arguing that the State failed to allege or prove that he used force in requiring his thirteen-year-old stepdaughter to perform acts of oral sodomy on him. The indictment charged that defendant "did insert his penis into the mouth of [his step-daughter], a child less than 14 years of age legally incapable of consenting to such act, the sexual act therefore being with force and against the will of the child." Defendant argues that to uphold his conviction based on the indictment as drawn results in an impermissible extension of our Supreme Court's holding in *Cooper v. State*, 256 Ga. 631 (352 SE2d 382) (1987), aff'g 180 Ga. App. 37 (1)

(348 SE2d 486) (1986).

In *Cooper* our Supreme Court held that although there was no evidence in that case that the defendant used force on his five-year-old victim, this court properly upheld the defendant's conviction of the offense of aggravated sodomy because "[s]exual acts directed to such a child are, in law, forcible and against the will. [Cit.]" Id. at 631. Defendant argues that to extend this holding to the facts of the present case, involving a thirteen-year-old child, could lead to "a seventeen-year-old [being placed] in prison for life for once placing his mouth on the genitals of a girl one day short of her fourteenth birthday." Although such a result does not cause us the trepidation apparently felt by the defendant, we nevertheless find it unnecessary to reach this issue, because, in the case at bar, unlike the situation in *Cooper*, the State presented evidence at trial that defendant used both physical and mental force against his step-daughter so that she would perform the desired acts on him. Specifically, the record shows the victim stated that on at least one occasion after she had refused her step-father's sexual advances "he just *pushed* my head down there in his private space and made me do that." (Emphasis supplied.) The victim further testified that the defendant "made" her perform oral sodomy and that she was required to perform oral sodomy on her step-father in order to obtain food, clothing and money. Consequently, it is unnecessary for us to consider whether the element of force necessary to convict defendant of the crime of aggravated sodomy was supplied solely on the basis of the fact that the victim was under the age of fourteen. Accord *Drake v. State*, 239 Ga. 232 (236 SE2d 748) (1977).

The question remains, however, as to whether the trial court erred in denying defendant's motions based on the variance between the allegation of constructive force by virtue of the victim's age contained in the indictment and the proof of actual force presented at trial. "The true test of the sufficiency of the indictment is not whether it could have been more definite and certain, but whether it contains the elements of the offense intended to be charged, and sufficiently apprises the defendant of what he must be prepared to meet, and, in case any other proceedings are taken against him for a similar offense, whether the record shows with accuracy to what extent he may plead a former acquittal or conviction. [Cits.]" (Punctuation omitted). *St. John v. State*, 182 Ga. App. 861, 863 (3) (357 SE2d 311) (1987). Applying these standards, we find the variance here was not fatal, and reversal of defendant's convictions is not required. Accord *Baker v. State*, 184 Ga. App. 440, 441 (1) (362 SE2d 96) (1987); *St. John v. State*, supra; *Watson v. State*, 178 Ga. App. 778 (3) (344 SE2d 667) (1986).

2. Defendant also contends the trial court erred in not allowing

him to play a taped interview between the victim and a law enforcement official "for the purpose of showing . . . the attitude, intonation, tones and inflections of the parties speaking," which, according to the defendant, would support his contention that the victim made the allegations against him because she was angry about certain rules her mother and he imposed on her. However, the victim testified at trial and was extensively cross-examined by defense counsel. She admitted she did not like coming home from school and doing housework instead of homework, taking care of her younger brother and sister instead of socializing with her friends, and being refused permission to engage in after-school activities such as cheerleading. We find the victim's blunt testimony about her homelife, including the particulars recited above, provided more than ample information for the jury to determine the credibility of the witnesses in this case. Consequently, we fail to see, and defendant has failed to show, how he has been harmed by the trial court's refusal to allow him to play the tape-recorded interview. This enumeration affords no basis for reversal.

3. Defendant next enumerates as error the denial of his motions for directed verdicts of acquittal as to the child molestation charges and argues the evidence showed that the acts constituting these charges occurred after the victim's fourteenth birthday. Although defendant admitted, both in a written statement prior to trial and at trial, that the acts charged had occurred, at trial he recalled that they occurred on Labor Day of 1986, a few weeks after the victim's fourteenth birthday. The victim, however, testified that defendant committed the crimes as charged in the indictment both before and after her birthday (although she did not specify which birthday). The victim also testified that prior to her fourteenth birthday the defendant had touched her vagina with his penis but did not achieve penetration. The evidence was sufficient to enable any rational trier of fact to have found the defendant guilty on both counts of child molestation beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Eaton v. State*, 184 Ga. App. 645 (362 SE2d 375) (1987). Moreover, defendant's assertion that the trial court erred in refusing to give his requested charge on simple battery has been decided adversely to him in *State v. Stonaker*, 236 Ga. 1 (4) (222 SE2d 354), cert. denied, 429 U. S. 833 (1976).

4. Contrary to defendant's final assertion, the trial court did not refuse to allow the defendant to present evidence showing that the trauma to the genitals of the victim, as testified to by a doctor who examined her, could have been caused by masturbation. Rather, the court held that before such evidence could be presented defendant would have to show, via expert testimony, that masturbation could result in the type of trauma which the doctor testified she observed during her pelvic examination of the victim. Under these circum-

stances, we find no error.

*Judgment affirmed. McMurray, P. J., and Benham, J., concur.*

DECIDED OCTOBER 17, 1988 —
REHEARING DENIED OCTOBER 31, 1988 —

*Jennifer McLeod*, for appellant.

*Frank C. Winn*, District Attorney, *J. David McDade*, Assistant District Attorney, for appellee.