**SECOND DIVISION
ANDREWS, P. J.,
MILLER and BRANCH, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/**

**June 12, 2015**

# In the Court of Appeals of Georgia

A15A0037. COLLIER v. COLFIN AI GA I, LLC.

MILLER, Judge.

Cynthia Nunez Collier, proceeding pro se, appeals the trial court's order denying her pauper status and refusing to accept her petition for writ of certiorari (OCGA § 5-4-3), in which she sought review of a dispossessory judgment. Collier contends that the trial court erred in denying her motion to proceed in forma pauperis (OCGA § 9-15-2) without first holding a hearing. For the reasons that follow, we reverse and remand.

Although a trial court's determination on the validity of a pauper's affidavit is not normally subject to review, the procedure used by the trial court in making an indigence ruling is appealable. See *Boyd v. JohnGalt Holdings, LLC*, 318 Ga. App. 866, 868 (1) (736 SE2d 459) (2012). "Whether the trial court followed the correct

procedure when it denied [Collier's] indigent status is a question of law for this Court." (Citations omitted.) Id. at 869 (2).

So viewed, the very limited record in this case shows that Colfin AI GA I, LLC ("Colfin") filed a dispossessory action against Collier. A magistrate court judge granted Colfin's dispossessory action, and denied Collier's subsequent motion to set aside the judgment. Collier then filed a petition for writ of certiorari in superior court, accompanied by a sworn affidavit of indigence. Without holding a hearing, the trial court denied Collier's pauper status and refused to accept her petition for writ of certiorari.[1] This appeal ensued.

Collier contends that the trial court erred in denying her pauper status without a hearing. We agree.

"[W]here a party files an affidavit of indigence pursuant to OCGA § 9-15-2, and either the opposing party files a traverse or the court inquires into the truth of the affidavit on its own, a hearing is required on the matter." (Citation omitted.) *Gruner v. Thacker*, 320 Ga. App. 146, 149 (2) (739 SE2d 440) (2013). In this case, Colfin

---

[1] The trial court's order is inconsistent in that it finds Collier indigent, but denies her motion to proceed in forma pauperis.

2

filed no traverse and the trial court held no hearing before denying Collier's indigent status.

> Here, without a traverse or a hearing, [Collier's affidavit stands] unrebutted in the record, and [she] should have been relieved from paying costs without any adverse impact on [her] rights to pursue a legal remedy. Although the trial court [may have] attempted to inquire into the validity of the affidavit, it failed to hold the required hearing. All of the subsequent events were the result of this error.

*Boyd*, supra, 318 Ga. App. at 872 (2). Accordingly, the trial court's order denying Collier's pauper status is reversed and the case is remanded to the trial court to hold an evidentiary hearing on the question of Collier's indigence before further proceedings on the merits. See *Gruner*, supra, 320 Ga. App. at 149-150 (2); *Boyd*, supra, 318 Ga. App. at 872 (2).

*Judgment reversed and remanded. Andrews, P. J., and Branch, J., concur*.