300 Ga. 633
FINAL COPY

S16G0931.  ROBERSON v. THE STATE.

GRANT, Justice.

The question in this appeal is not whether indigent persons are entitled to a free copy of the transcript of trial proceedings on appeal; they are.  Instead, the question presented here is who makes the determination of indigence in the first instance, and whether that decision is itself reviewable on appeal.  Appellant Nick Roberson was convicted of family-violence simple battery after a trial in which she was represented by a public defender.  Wishing to appeal her conviction, Roberson filed a motion seeking a transcript without charge as an indigent defendant under OCGA § 9-15-2.  The trial court held a hearing, but denied her motion.  Roberson appealed.  The Court of Appeals held that the authority to determine indigence for the purpose of requiring the county to pay for a transcript lies exclusively with the trial court, and thus cannot be considered on appeal. *Roberson v. State*, 335 Ga. App. 606 (1) (782 SE2d 671) (2016).  This Court granted certiorari.  Because the Court of Appeals was

correct in its determination that the statute reserves this particular determination of indigence to the trial court alone, and because the record before this Court does not support Roberson's assertion of a procedural violation, we affirm.

I.

Pursuant to OCGA § 9-15-2 (a) ("the costs statute"), when any party is unable to pay any deposit, fee, or other required cost in a court of this state, the party may submit an affidavit of indigence and be relieved from paying costs. Transcript fees are included among the covered costs. The costs statute, in turn, provides two methods for challenging affidavits of indigence. First, another party at interest "may contest the truth of an affidavit of indigence by verifying affirmatively under oath that the same is untrue." OCGA § 9-15-2 (a) (2). That did not occur here. Instead, as is permitted in the absence of a party challenge, the court itself "inquire[d] into the truth of the affidavit of indigence." OCGA § 9-15-2 (b).

The record reflects that Roberson's counsel exchanged e-mails with the trial court regarding Roberson's request for a transcript. In an e-mail to counsel, the trial judge who presided over Roberson's criminal trial indicated that she had "reviewed [the] Motion to Obtain Transcript," but recalled that "during the

2

trial Roberson testified that she had recently moved into a nice house." The trial judge further stated, "[b]ased on my recollection of the testimony and trial, I would like to have some proof or evidence of her indigence before approving transcription at the expense of the Court." In a subsequent e-mail, the trial judge again requested that Roberson's counsel submit documentation and evidence regarding indigence to the Court. Roberson now argues that the indigence affidavit, which she had filed prior to the trial court's request for evidence, established a presumption of indigence and shifted the burden to the trial court to rebut the affidavit's contentions with contrary, court-developed evidence of her financial circumstances. After a hearing on the motion, the trial court denied Roberson's motion to obtain a transcript without charge.[1] In its written order, the trial court stated that Roberson had failed to provide evidence to support her claims of indigence either at the hearing or thereafter, "despite specific requests by the Court and very specific direction as to what evidence might suffice." Roberson appealed the trial court's order denying her motion. The Court of Appeals affirmed, and this Court agreed to hear the challenge on certiorari.

---

[1]No transcript of the hearing appears in the record before this Court.

3

II.

The statutory provision at issue here, OCGA § 9-15-2 (a) (2), addresses reviewability: "The judgment of the court on all issues of fact concerning the ability of a party to pay costs or give bond shall be final." This Court recognized that same language in *Penland v. State*, 256 Ga. 641 (352 SE2d 385) (1987), where we also concluded that the statute's bar to appellate review of the trial court's determinations regarding the ability of a party to pay costs was not constitutionally infirm. There, as here, the question was not whether the appellant was actually indigent, but rather which court has the final authority to determine indigence. Id. As we recognized in *Penland*, according to the costs statute the trial court retains that authority.

The Indigent Defense Act of 2003 ("IDA"), OCGA § 17-12-1 et seq., does not change that conclusion. That statute establishes the Georgia Public Defender Council, an independent executive branch agency, and makes the Council responsible for assuring "adequate and effective legal representation" for indigent persons. OCGA § 17-12-1 (c). The IDA sets out a definition for "indigent person" for the purposes of securing representation from a public defender, and makes the circuit public defender responsible for determining who

4

meets that definition. Id. at §§ 17-12-2 (6), 17-12-24 (a). Roberson contends that the IDA makes a circuit public defender's determination of indigence binding on a trial court faced with determining indigence for the purposes of obtaining a transcript at county expense. We disagree.

The IDA and the costs statute each require a determination of indigence, but the two laws are directed at determining indigence for different purposes — representation and costs, respectively. Whether that is the best way to allocate determinations of indigence is not for us to consider or decide. In any event, regardless of whether a person seeks help for court costs or representation, the burden of proving indigence rests with the defendant claiming to be indigent. See, e.g., *Bostick v. Ricketts*, 236 Ga. 304, 306 (2) (223 SE2d 686) (1976) (noting that the burden of proving indigence at the time of conviction rested with the appellant who was claiming that, although he was indigent at the time of trial, he was denied appointed counsel).

The costs statute plainly permits the trial court to "inquire into the truth" of the affidavit — even absent a request by another party to do so — and to determine a party's ability to pay after holding a hearing on the matter. OCGA § 9-15-2 (b). But neither the costs statute nor the IDA reveals any intent to

make the circuit public defender's determination of indigence for the purpose of representation similarly conclusive for the purpose of determining the ability to pay costs. Simply put, the costs statute controls one facet of the indigence inquiry, and the IDA controls the other.

The IDA, then, cannot disturb the costs statute's exclusive commitment of the determination of indigence to the trial court. Instead, the "judgment of the court on all issues of fact concerning the ability of a party to pay costs or give bond shall be final." OCGA § 9-15-2 (a) (2); *Penland*, 256 Ga. at 641 (OCGA § 9-15-2 "provides that the court's judgment in regard to appellant's indigency is not subject to review.").

In reaching this conclusion, we do not forget that "an indigent, on appeal, is entitled as a matter of right to a free copy of the transcript of trial court proceedings in which he has been a party." *Mitchell v. State*, 280 Ga. 802, 802 (1) (633 SE2d 539) (2006) (citation and punctuation omitted). The problem for Roberson is that the trial court concluded that she was not indigent. Unlike in *Mitchell*, where the trial court actually found indigence, the trial judge in this case held a hearing as required by the statute and made a finding that Roberson was not indigent. While Roberson contends that her conclusory affidavit of

6

poverty, in which she averred that she was indigent and unable to pay the costs associated with an appeal,[2] along with the circuit public defender's determination that she qualified for public defender services on appeal, was sufficient to establish that she is entitled to a transcript at county expense, the trial court disagreed. The costs statute does not permit an appellate court to disturb that factual conclusion.

## III.

Roberson is correct, however, that even where appellate review of an indigence determination is barred on the merits, procedural review may be permitted. See *Ford v. State*, 254 Ga. App. 413 (563 SE2d 170) (2002) (reviewing a trial court's failure to make a determination of indigence based upon evidence and to establish a record of such finding); *Hawkins v. State*, 222

---

[2] Roberson's affidavit of poverty reads in its entirety as follows:

NICK ROBERSON, being first duly sworn, identifies herself as the Defendant named in the above-styled accusation and states upon her oath that she desires to appeal from her conviction for Simple Battery Family Violence but she is indigent and on account of her poverty is unable to pay the fees and costs normally required. She executes this oath under [OCGA] § 5-6-4 in order that she may be permitted to proceed on appeal *in forma pauperis*.

Ga. App. 461, 462 (1) (474 SE2d 666) (1996) ("Review of a trial court's procedure in making decisions as to appointed appellate counsel is authorized."); see also *Massey v. State*, 278 Ga. App. 303, 306 (2) (628 SE2d 706) (2006) (holding that while the trial court had erred in failing to rule on an affidavit of indigence, the error was harmless because the defendant managed to appeal the merits of his case).

Nonetheless, Roberson has failed to show that procedural error exists in her case. Such review could perhaps be had where the trial court either failed to hold a hearing to consider the evidence tendered or demonstrated a failure to consider the evidence. But here, the trial court's order indicates that a hearing was held and states the court's reasons for denying Roberson's request. The trial court thus fulfilled its procedural duties to hold a hearing before determining that Roberson could pay the transcript costs. See OCGA § 9-15-2 (b). Accordingly, and unlike the indigent defendants in *Ford*, *Hawkins*, and *Massey*, Roberson was afforded a hearing to determine her indigent status.

As for Roberson's alternative procedural challenge, in which she alleges that the trial court failed to consider the evidence, we cannot reach any such conclusion on the record currently before us. While Roberson contends that she

8

presented a myriad of evidence supporting her claims of indigence to the trial court, none of those documents — with the exception of the April 29, 2014 affidavit of poverty — appear in the record before this Court. "It is well established that the burden is on the party alleging error to show it by the record and that where the proof necessary for determination of the issues on appeal is omitted from the record, an appellate court must assume that the judgment below was correct and affirm." *Adamson v. Sanders*, 279 Ga. 187, 188 (611 SE2d 44) (2005) (citations and punctuation omitted). As a result, this Court has no basis upon which to provide procedural review of the trial court's denial of Roberson's motion for transcript.[3]

<u>Judgment affirmed. All the Justices concur.</u>

---

[3] Roberson's brief describes various equal protection arguments that were not raised in, or addressed by, the trial court or the Court of Appeals. Roberson agreed in a post-argument letter brief that such claims cannot be raised to this Court in the first instance, and indeed asserted that "it was not the Appellant's intention to raise an Equal Protection claim." We therefore decline to address those issues. See, e.g., *Patterson v. State*, 256 Ga. 740 (2) (353 SE2d 338) (1987) (deeming abandoned certain arguments raised by the appellant when the arguments did not appear in the record and the defendant failed to supplement the record).

Decided February 27, 2017.

Certiorari to the Court of Appeals of Georgia — 335 Ga. App. 606.

Katherine M. Mason, for appellant.

Kellie T. McIntyre, Solicitor-General, Matthew M. Andrews, Assistant Solicitor-General, for appellee.