**SECOND DIVISION**
**MILLER, P. J.,**
**DOYLE, P. J., and REESE, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**January 29, 2018**

# In the Court of Appeals of Georgia

A17A1577. ROBERTS v. THE STATE.

MILLER, Presiding Judge.

James Earl Roberts, proceeding pro se, appeals the trial court's order denying him pauper's status.[1] Roberts contends that the trial court erred by failing to hold a hearing on his affidavit of indigence. We agree, and thus, we reverse the trial court's order and remand the case for further proceedings.

While a merits review of the trial court's indigence determination is generally unauthorized, this Court may review the trial court's procedure in making its decision. *Roberson v. State*, 300 Ga. 632, 635 (III) (797 SE2d 104) (2017); see also *Collier v. Colfin AI GA I, LLC*, 332 Ga. App. 486, 487 (773 SE2d 440) (2015) ("Although a trial court's determination on the validity of a pauper's affidavit is not

---

[1]Roberts sought discretionary review, which this Court granted.

normally subject to review, the procedure used by the trial court in making an indigence ruling is appealable.").

Roberts entered a guilty plea to numerous child molestation and aggravated child molestation charges in 2008. Years later, Roberts filed a motion for an out-of-time appeal, accompanied by a sworn pauper's affidavit. When the trial court did not rule on the motion for out-of-time appeal, Roberts filed a notice of intent to file mandamus, in which he requested that the trial court render a decision on his motion. This notice was accompanied by a sworn affidavit of indigence. The trial court construed this affidavit as a formal motion to proceed in forma pauperis, and denied it on the basis that it was not supported by any evidence.

1. Roberts claims that the trial court erred by construing his notice of intent to file a mandamus action as an actual mandamus action. However, the trial court's order is limited to Roberts' affidavit of indigence, and does not address Roberts' notice of intent to file a mandamus action. Thus, this enumeration provides nothing for us to review.

2. Roberts also contends that the trial court erred by not holding a hearing on his affidavit before denying his motion to proceed in forma pauperis. We agree.

When any party, plaintiff or defendant, in any action or proceeding held in any court in this state is unable to pay any deposit, fee, or other cost which is normally required in the court, if the party shall subscribe an affidavit to the effect that because of his indigence he is unable to pay the costs, the party shall be relieved from paying the costs and his rights shall be the same as if he had paid the costs.

OCGA § 9-15-2 (a) (1).[2]

Here, Roberts filed a sworn affidavit averring that due to his indigence, he cannot afford to pay required costs and fees. Further, the record does not evince that the State filed a traverse contesting the affidavit. Although the trial court was authorized to sua sponte inquire into the truth of the affidavit, a hearing was required if the trial court was inclined to deny Roberts pauper's status. OCGA § 9-15-2 (b); *Collier*, supra, 332 Ga. App. at 441; *Boyd v. JohnGalt Holdings, LLC*, 318 Ga. App. 866, 869 (2) (736 SE2d 459) (2012). OCGA § 9-15-2 did not require Roberts to submit additional evidence with his affidavit of indigence, and the affidavit alone was

---

[2] Although OCGA § 9-15-2 falls under Title 9 of the Code, which generally relates to civil practice, the legislature did not limit OCGA § 9-15-2 (a) (1) to civil cases. We also note that this Court and the Supreme Court of Georgia have long applied this statute in criminal proceedings. See *Roberson*, supra, 300 Ga. at 633 (I); *Harris v. State*, 170 Ga. App. 726, 727 (318 SE2d 315) (1984); *Quick v. State*, 166 Ga. App. 492, 495-496 (4) (304 SE2d 916) (1983).

3

sufficient to entitle Roberts to pauper's status in the absence of a traverse and hearing. Id.

We observe that in its order, the trial court referenced OCGA § 42-12-5. Under this statute, the trial court may dismiss a prisoner's action if the affidavit of indigence fails to include various necessary contents, as set forth in OCGA § 42-12-5 (a) (1) - (3). However, this statute is a part of the Prison Litigation Reform Act and pertains only to *civil* actions, lawsuits or proceedings. See OCGA § 42-12-3 (1); *Brown v. Crawford*, 289 Ga. 722, 723 (715 SE2d 132) (2011). Indeed, the Prison Litigation Reform Act specifically exempts an appeal of a criminal proceeding from its requirements. OCGA § 42-12-3 (1). Accordingly, to the extent that the trial court may have applied OCGA § 42-12-5 to determine the validity of Roberts' affidavit, that statute is inapplicable here, and such reliance would have been in error.

Accordingly, the trial court's order is reversed, and this case is remanded for the trial court to either grant Roberts pauper's status or hold an evidentiary hearing on the question of Roberts' indigence pursuant to OCGA § 9-15-2 before proceeding to the merits of his motion for an out-of-time appeal. See *Gruner v. Thacker*, 320 Ga. App. 146, 150 (2) (739 SE2d 440) (2013).

*Judgment reversed and case remanded. Doyle, P. J., and Reese, J., concur.*