**FOURTH DIVISION**
**DILLARD, P. J.,**
**RICKMAN and BROWN, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed. Please refer to the Supreme Court of Georgia Judicial Emergency Order of March 14, 2020 for further information at (https://www.gaappeals.us/rules).**

**May 1, 2020**

# In the Court of Appeals of Georgia

A20A0157. WILLIAMS v. DEKALB COUNTY et al.

BROWN, Judge.

Edward Williams, proceeding pro se, appeals the trial court's order denying him pauper status, contending that the trial court erred in denying his motion to proceed in forma pauperis (OCGA § 9-15-2) without first holding a hearing. For the reasons that follow, we reverse and remand.

The relevant background of this case is laid out in *Williams v. DeKalb County*, __ Ga. __ (Case No. S19A1163, decided Mar. 13, 2020), the Supreme Court of Georgia's opinion addressing the merits of Williams' underlying appeal:

> Acting pro se, Williams sued DeKalb County and members of its governing authority, the Chief Executive Officer and the DeKalb County Board of Commissioners, in their official and individual capacities (collectively, "Appellees"). In his complaint, Williams challenged in a

variety of ways the legality of a DeKalb County ordinance, which increased the salaries of the members of the county governing authority, setting forth claims for mandamus, declaratory and injunctive relief, criminal and civil penalties for violating the Open Meetings Act, and attorney fees and costs of litigation. Following a hearing, the trial court denied Williams' petition for mandamus and granted Appellees' motion to dismiss Williams' remaining claims, ruling that his claims for declaratory and injunctive relief against the County were barred by the doctrine of sovereign immunity, that he had failed to state a claim for a declaratory judgment or for injunctive relief against the Chief Executive Officer and the commissioners in their individual capacities, and that he failed to state a claim under the Open Meetings Act against the commissioners in their individual capacities and that those claims were barred by the doctrines of official and legislative immunity.

(Footnote omitted.) Id. Williams filed an application for discretionary review in the Supreme Court, which was granted on March 15, 2019. On March 21, 2019, Williams filed a notice of appeal to the Supreme Court along with an affidavit of poverty. The appellees did not traverse the affidavit. The trial court, without a hearing, denied pauper status to Williams on April 3, 2019, and ordered him to pay costs. On April 19, Williams filed a motion to reconsider the denial of pauper status, which the trial

2

court also denied. On May 2, 2019, Williams filed a notice of appeal to this Court, challenging the denial of his pauper's affidavit.[1]

While a trial court's determination regarding the validity of a pauper's affidavit generally is not subject to review, the procedure used by the trial court when making an indigence ruling is appealable. *Boyd v. JohnGalt Holdings, LLC*, 318 Ga. App. 866, 868 (1) (736 SE2d 459) (2012). "Where a party files an affidavit of indigence pursuant to OCGA § 9-15-2, and either the opposing party files a traverse or the court inquires into the truth of the affidavit on its own, a hearing is required on the matter." (Citation and punctuation omitted.) *Collier v. Colfin AI GA I, LLC*, 332 Ga. App. 486, 487 (773 SE2d 440) (2015). As we have previously stated, "the plain language of OCGA § 9-15-2 (b) requires a hearing before a court may order costs to be paid."

---

[1] According to his brief, Williams was able to raise and borrow enough money to pay the costs associated with his appeal to the Supreme Court, and that Court issued an opinion on March 13, 2020, addressing the merits of Williams' appeal. Specifically, the Supreme Court affirmed those portions of the court's order dismissing Williams' claim for declaratory judgment against the members of the governing authority and for injunctive relief against the commissioners; vacated the portion of the trial court's order dismissing Williams' claim for injunctive relief against the Dekalb County Chief Executive Officer; and reversed the portion of the court's order dismissing Williams' claim against the commissioners for civil penalties under the Open Meetings Act; and remanded the case to the trial court. *Williams*, __ Ga. at __. We note that both this Court and the Supreme Court allowed Williams to proceed on appeal in forma pauperis.

(Citation and punctuation omitted.) *Lee v. Batchelor*, 345 Ga. App. 559, 561 (814 SE2d 416) (2018). Here, "[a]lthough the trial court may have attempted to inquire into the validity of the affidavit, it failed to hold the required hearing." (Citation and punctuation omitted.) *Collier*, 332 Ga. App. at 487. Thus, "without a traverse or a hearing, [Williams'] affidavit stands unrebutted in the record, and [Williams] should have been relieved from paying costs without any adverse impact on his right to pursue a legal remedy." (Citation and punctuation omitted.) *Lee*, 345 Ga. App. at 561.

Accordingly, we reverse the trial court's order denying Williams' indigent status and remand the case to the trial court to hold an evidentiary hearing on the question of Williams' indigence. See *Collier*, 332 Ga. App. at 487. The posture of this case is somewhat unusual given that Williams has paid the costs of his appeal to the Supreme Court, and that Court already has addressed the merits of his appeal. Nonetheless, the issue is not moot as Williams could be refunded the amount paid if the trial court sanctions the affidavit, after a hearing.[2]

---

[2] We also note that Williams filed an affidavit of poverty in connection with his appeal to this Court, and as far as this Court can determine, the trial court also denied Williams indigent status without a hearing. We cannot determine from the record before us whether Williams filed a notice of appeal from the trial court's denial of that petition.

*Judgment reversed and case remanded. Dillard, P. J., and Rickman, J., concur.*