## 27341. McCRARY v. THE STATE.

HAWES, Justice. Prentice McCrary was convicted of rape. His motion for a new trial was overruled and he appealed, enumerating three grounds of error.

1. Defendant's motion for a continuance based on the ground of unfavorable newspaper publicity attendant upon the trial and conviction during the preceding week of the accused's co-indictee was properly overruled. The basis of this motion was that because of such unfavorable publicity a fair and impartial jury could not be obtained. However, the answers under oath by the prospective jurors to the questions propounded to them on voir dire showed that they had formed no fixed or unchangeable opinion as to the guilt or innocence of the accused. "There is no inference of prejudice requiring a change of venue [or a continuance] from the mere fact of the publishing of descriptive or even denunciatory matter, or even from the juror's having formed or expressed an opinion from rumor or from reports from newspapers or other news media; what is required is a showing that the juror had formed such a fixed or unchangeable opinion as to the guilt or innocence of the defendant as would not yield readily to the testimony." *Thacker v. State,* 226 Ga. 170, 174 (173 SE2d 186). The granting or refusing of a

continuance, like the granting or the refusing of a motion for a change of venue, is within the discretion of the trial judge. Such discretion will not be controlled by the appellate courts unless abused. No abuse of discretion in refusing to grant the motion for a continuance is shown by the record in this case. *Morgan v. State,* 224 Ga. 604 (1) (163 SE2d 690).

2. The trial court did not err in denying the motion of counsel for the accused for an adjournment so as to permit an absent witness who had not been subpoenaed to be brought into court to testify. There was no showing as to the materiality of the testimony which the accused expected to procure from the witness. The denial of this motion like the denial of a continuance on the ground of an absent witness lies within the discretion of the trial court, and unless this discretion be shown to have been manifestly abused the judgment in this regard will not be controlled by this court. *Herndon v. State,* 111 Ga. 178 (1) (36 SE 634); *Harris v. State,* 119 Ga. 114, 115 (45 SE 973); *Morgan v. State,* supra.

3. There is no merit in the contention of the appellant that the court erred in permitting the victim of the attack to identify the accused in court. She testified as to having ample opportunity to observe the accused during the time of the commission of the crime. Furthermore, the accused in his unsworn statement to the jury did not deny his presence at the scene of the crime or his participation therein, contending that he was intoxicated at the time and therefore not responsible for his actions. Under these circumstances, the in-court identification was not harmful error to the accused.

4. The trial court did not err in refusing to exclude from evidence "property which [was] fruit of an illegal search and seizure and which [was] not shown to be in possession of the State until produced at trial." The transcript shows that all of the physical evidence which was admitted was seized as a result of a search pursuant to a warrant. The State, at least, made a prima facie showing

that the warrant was issued on a showing of probable cause. No prior motion to suppress this evidence under the provisions of § 13 of the Act approved March 16, 1966 (Ga. L. 1966, pp. 567, 571; *Code Ann.* § 27-313) was made. No contention as to the invalidity of the search warrants is raised on this appeal.

5. Appellant contends that the charge of the court on the law of conspiracy was unwarranted and that there was insufficient evidence to authorize such a charge. There was evidence that the accused together with another who was jointly indicted with him were observed by the victim occupying an automobile stopped near where her car was parked when she came out of the Upson County Hospital late at night to go home; that the automobile followed her automobile to a point near the victim's home; that the driver thereof bumped the victim's car from the rear, causing it to be driven in the ditch; that the victim alighted from the automobile and fled, but was chased and overtaken by the accused's companion, dragged back to the automobile which was driven by the accused, and that the automobile with the victim and the co-indictee was driven by the accused to a secluded spot where the forcible rapes were perpetrated on the victim. This evidence was clearly sufficient to authorize a charge on the theory of conspiracy. *Jackson v. State*, 225 Ga. 39, 44 (165 SE2d 711).

6. While counsel for the accused had the prosecuting witness on cross examination he asked her how she was able to identify the accused as one of the perpetrators of the crime. Her reply was, "Well, I believe it is him, and I know that it is him, and to myself I know it is him." Defense counsel asked, "Do you know that it is him because he is on trial, isn't that a fact?" A. "No." Q. "There is no other reason that you would know that it was him other than this is the person that they accuse as being the person, isn't that a fact?" At that point, the district attorney objected on the ground that counsel was badgering the witness. The court sustained the objection, stat-

ing: "Mr. Jackson, I think that is going a little beyond the realm of admissible cross examination." Counsel for the accused replied in substance that he felt that he would have the right to establish through cross examination how the witness was able to make such identification. To that statement the court replied: "Of course, I think so, too, but you are telling her instead of asking her. If you want to ask her, you can ask her anything you want to, but you are telling her and asking her is that not true. I think you have got the right to cross examine her, but you don't have the right to tell her what to say." At that point, counsel for the accused objected to the court's remarks and moved for a mistrial on the ground that such remarks were "highly prejudicial." The court overruled that motion and that ruling is the basis of one ground of the motion for a new trial. The overruling of that motion for a mistrial was not error.

7. The action of the district attorney in using the State's peremptory challenges to systematically strike black men from the jury panel was not such as to be cause for a reversal of the judgment of conviction. See *Hobbs v. State*, 229 Ga. 556 (192 SE2d 903).

8. The purpose of § 2 of the statute approved January 5, 1954 (Ga. L. 1953, Nov. Sess., pp. 478, 479; *Code Ann.* § 27-3002) insofar as the same relates to appeals in forma pauperis is to insure that no person convicted of a capital felony shall be denied the right of appeal because of his poverty. Accordingly, any error in the action of the trial judge in refusing to grant an appeal in forma pauperis is rendered moot where thereafter an appeal is taken and a full transcript of record and of the testimony is transmitted to this court for its consideration. The ground of enumerated error which complains of the denial by the trial court of the right of appeal in forma pauperis shows no cause for a new trial.

9. Appellant was convicted of rape and sentenced to death. Under the ruling of the Supreme Court of the United States in Furman v. Georgia, 408 U. S. 238 (92 SC 2726,

33 LE2d 346), the death penalty can no longer be imposed for the crime of rape. Accordingly, the sentence of death must be set aside. However, this does not render invalid the conviction, as opposed to the sentence. Moore v. Illinois, 408 U. S. 786 (92 SC 2562, 33 LE2d 706). We, therefore, affirm the judgment of conviction with the following direction:

The presiding judge in the trial court shall enter a judgment sentencing the defendant to be imprisoned for the balance of his life, this being the only lawful sentence which may be entered upon the conviction and finding of the jury that the defendant should receive the maximum sentence permitted by law.

Under decisions exemplified by *Fowler v. Grimes*, 198 Ga. 84, 92 (31 SE2d 174), it is not necessary that the defendant be present in open court or represented by counsel. However, direction is given that the defendant and his counsel of record be served with a copy of the life sentence within five days from the date of entry.

*Judgment affirmed with direction. All the Justices concur.*
SUBMITTED JULY 10, 1972—DECIDED NOVEMBER 16, 1972.

*Thomas M. Jackson, John H. Ruffin, Jr.*, for appellant.

*Ben Miller, District Attorney, Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Courtney Wilder Stanton, Assistant Attorney General, Daniel I. MacIntyre, Deputy Assistant Attorney General*, for appellee.