## 36111. TAYLOR v. PUBLIC CONVALESCENT SERVICE et al.

CLARKE, Justice.

This is a case which calls for an interpretation of the authority of the justice of the peace to determine the validity of a pauper's affidavit filed by a party seeking an appeal of a judgment in the justice of the peace court.

The action originated when Public Convalescent Service sued appellant Taylor in the justice court and a default judgment was entered against him by appellee Allen, ex-officio Notary Public Justice of the Peace. Subsequently, Taylor appealed to the superior court and in accordance with Code Ann. § 6-105, filed a pauper's affidavit with the justice of the peace court alleging his inability to pay court costs. The original plaintiff made no objection to the pauper's affidavit but the justice of the peace nevertheless rejected the affidavit, basing the rejection upon ". . . personal knowledge that you are not entitled to the benefit of pauper's oath." This rejection occurred without any hearing having taken place but the appeal was nevertheless forwarded to the superior court and Taylor was notified by the justice of the peace that judgment was being entered against him for costs of court and the appeal and that every legal means would be taken to collect the costs.

The justice of the peace was added as a party plaintiff in the superior court appeal by stipulation and Taylor then moved to restrain the justice of the peace from executing on the judgment. He also prayed for declaratory relief. Taylor contended the decision of the justice of the peace was unlawful in that it did not flow from the compliance with the provisions of Code Ann. § 24-3413 and in that the procedures followed in rendering the judgment violated his constitutional right to due process of law.

The superior court ruled that a justice of the peace

has inherent authority to reject a pauper's affidavit without proceeding under Code Ann. § 24-3413. The case is now before this court on interlocutory appeal.

1. The appellee argues that the issues are moot since the case was in fact transferred to the superior court, relying on the rationale of *McCrary v. State,* 229 Ga. 733 (194 SE2d 480) (1972). In *McCrary,* we held any error in the denial of a motion to proceed in forma pauperis on appeal was moot where the record is transferred for consideration on appeal. However, in *McCrary* there was no outstanding judgment against the appellant for the court costs as exists in the instant case. It is the validity of that judgment which is in issue on this appeal and we find the case is not moot.

2. Code Ann. § 24-3413 makes provision for the filing of a pauper's affidavit and the means by which it may be contested. It further provides: "The issue thereby formed shall be heard and determined by the court under the rules of the court." This sentence is clear in its mandate for a hearing. The record in this case is clear that no such hearing was afforded. Since § 24-3413 by its own language applies to justices of the peace, the superior court erred in failing to find that a hearing on the issue was required.

3. This case presents the additional question of whether a justice of the peace who receives court costs as fees is qualified to sit as a fact finder on the issue of a party's ability to pay court costs. Under these circumstances, the approval of a pauper's affidavit for court costs could at worst mean the justice of the peace would lose a portion of his income and at best mean that he would be delayed in receiving a portion of his income.

The Code of Judicial Conduct requires a judicial officer to avoid even the appearance of impropriety in carrying out his duties. *Ferry v. State,* 245 Ga. 698 (1980). More specifically, Canon 3C(1) requires a judge to disqualify himself in any action where ". . . his impartiality might reasonably be questioned, including but not limited to instances where: (a) he has a personal bias or prejudice concerning a party . . . (c) he knows that he . . . has a financial interest in the subject matter in controversy or . . . any other interest that could be

substantially affected by the outcome of the proceeding."

The hearing required by § 24-3413 must be a hearing before an impartial fact finder. Since a justice of the peace has a direct financial interest in whether or not a party must pay court costs, we find he would be disqualified from deciding the truthfulness of a pauper's affidavit filed in his court, unless such disqualification is waived.

The statutes of this state make provision for the conduct of judicial proceedings in justice of the peace courts when a particular justice does not or cannot preside. See Code Ann. §§ 24-1007 to 24-1010. These provisions must be followed in cases where the truthfulness of a pauper's affidavit is contested in a justice of the peace court under the fee system.

*Judgment reversed. All the Justices concur.*

ARGUED APRIL 15, 1980 — DECIDED MAY 20, 1980.

*Gloria A. Einstein, Roy M. Sobelson, Lois Goodman, John L. Cromartie, Jr.,* for appellant.

*Henry Wilson, Tony H. Hight, Hugh Allen,* for appellees.