## A93A0528. MORRIS v. DEPARTMENT OF TRANSPORTATION et al.
### (432 SE2d 638)

BLACKBURN, Judge.

The appellant, Daniel Morris, individually and as administrator of the estate of Mary Ann Morris, his deceased wife, filed a wrongful death action against the appellees, the Georgia Department of Transportation, and Marion Waters, Archie Burnham, Jr., Ray Threlkeld, Felton Rutledge, and Tony Chambers, employees of the department. The trial court subsequently granted summary judgment in favor of the appellees on the wrongful death claim, and the appellant timely appealed. The appellant also moved the court to reconsider its grant of summary judgment and moved to proceed in forma pauperis on appeal. The trial court subsequently denied both motions. On appeal, the appellant's enumeration of error relates to the denial of his motion to proceed in forma pauperis.

Morris initially contends that the trial court erred in failing to hold an evidentiary hearing to determine the veracity of his affidavit. We disagree. Although OCGA § 9-15-2 (a) (2) provides that the matter of indigence "shall be heard and determined by the court, under the rules of the court," after a party at interest or his agent has contested the truth of the affidavit of indigence, the statute does not mandate an oral hearing. See *Sweet v. State*, 191 Ga. App. 516 (382 SE2d 376) (1989). "Unless otherwise ordered by the court, all motions in civil actions, including those for summary judgment, shall be decided by the court without oral hearing. . . ." Uniform Superior Court Rule 6.3. Consequently, Morris was not entitled to an evidentiary hearing on the issue of indigency.

Morris further contends that he is indeed indigent and the trial court did not have the discretion to deny his motion to proceed in forma pauperis. However, "(t)he ruling of the trial court on all issues of fact concerning the ability of a party to pay costs or give bond is final under the provisions of (OCGA § 9-15-2 (b)) and is not subject to review. The factual issue of [Morris'] indigency was submitted to the trial court and resulted in the determination that he lacked that status [based upon the record]. This ruling is final and not subject to review by this court." (Citations and punctuation omitted.) *Harris v. State*, 170 Ga. App. 726 (318 SE2d 315) (1984). Contrary to the appellant's contention, OCGA § 9-15-2 provides the trial court with the authority to determine indigency, and considering the traverse filed by the appellees, a finding of indigency was not demanded. Compare

*Heath v. McGuire*, 167 Ga. App. 489 (306 SE2d 741) (1983) (decided prior to the 1982 amendment). Accordingly, this assertion is also without merit.

*Judgment affirmed. Johnson and Smith, JJ., concur.*

DECIDED JUNE 11, 1993.

*Clark, Washington & Jones, Craig T. Jones*, for appellant.

*Michael J. Bowers, Attorney General, George P. Shingler, Senior Assistant Attorney General, Eric A. Brewton, Assistant Attorney General*, for appellees.