### A94A2533. WALKER v. CRANE.
(455 SE2d 855)

POPE, Presiding Judge.

Defendant Hazel Walker appeals from the Superior Court of Forsyth County's grant of plaintiff Ruby Crane's motion for an immediate writ of possession, and from the denial of Walker's motion for summary judgment regarding the dispossessory action Crane had filed against her.

In 1988 Walker moved onto some property that was across the road from her daughter and son-in-law (Kathy and Ricky Crane). The property was owned by Ricky. Walker purchased a modular home and placed it on the property. Additionally, she spent approximately $15,000 on improvements to the property. In 1991, Walker became

involved in a dispute with Kathy and Ricky, and on September 21, 1991, Kathy commenced a dispossessory action against her mother in the magistrate court. That action was dismissed for lack of jurisdiction.

On September 23, 1991, Ricky and Kathy separated in anticipation of divorce. Ricky subsequently conveyed title to the property to his mother, Crane. On March 1, 1993, Crane filed a dispossessory action against Walker. Walker answered, and on March 30, 1993, filed a separate equitable action in the Forsyth County Superior Court against Crane, Kathy and Ricky, seeking to establish a purported life estate in the property. On May 3, 1993, the magistrate court granted possession of the property to Crane, and, pursuant to OCGA § 44-7-56, ordered Walker to pay $200 per month into the registry of the court if she wished to appeal the decision. Walker filed her appeal with the superior court on June 1, 1993, and approximately one month later moved for summary judgment, contending that no dispossessory action could lie because no landlord/tenant relationship ever existed; no demand for possession was ever made; and the matter was res judicata because of the dismissal of the previous dispossessory action filed by Kathy. A hearing on Walker's motion for summary judgment was set for September 2, 1993. Approximately ten days before the hearing Crane filed several motions, including a motion for a supersedeas bond and a motion for an immediate writ of possession. After the hearing, the superior court, by order dated September 14, 1993, denied Walker's motion for summary judgment. The court also granted Crane's motions for supersedeas bond, pursuant to OCGA § 5-3-22 (b), in the amount of $200 per month.

On March 25, 1994, Crane moved for an immediate writ of possession (writ) on the ground that Walker had failed to comply with the terms of the court ordered supersedeas bond. On March 31, 1994, Walker filed a pauper's affidavit. The superior court heard oral argument on the writ. On the morning of the hearing Crane served Walker with a traverse to the pauper's affidavit. Although the traverse was not in the form of an affidavit, see OCGA § 9-15-2 (a) (2), the court heard argument regarding the traverse pursuant to OCGA § 9-15-2 (b). By order dated April 19, 1994, the superior court found that the pauper's affidavit was filed untimely and that Walker had failed to carry her burden of proving poverty. The court then granted the writ and ordered Walker to vacate the property by April 29, 1994.

1. In her first and second enumerations of error, Walker contends that the superior court lacked the authority to require her to pay any amount into the court as a supersedeas bond. Specifically, Walker argues that OCGA § 5-3-22 (b) is not applicable to appeals relating to dispossessory actions. We find no support for this argument. OCGA § 5-3-22 (b) is broad in scope. It clearly states "that the superior court

*upon motion may at any time require that supersedeas bond with good security be given in such amount as the court may deem necessary* unless the appellant files with the court an affidavit stating that because of his indigence he is unable to give bond." (Emphasis supplied.) In this case it is undisputed that Crane filed a motion requesting a supersedeas bond. It also is undisputed that at the time the court granted said motion, Walker had not yet filed any affidavit of indigence with the court. Therefore, the superior court clearly had the authority to require Walker to provide such a bond. Additionally, under OCGA § 5-3-22 (b) the superior court clearly had the authority to set the amount of the bond *as it deemed necessary.*

2. Walker's third, fourth, fifth and sixth enumerations of error all relate to the pauper's affidavit she filed on March 31, 1994, and to the superior court's inquiry into the timeliness, truth and validity of said affidavit. As to the timeliness of the affidavit, we find no authority which mandates that such an affidavit must be filed prior to the filing of a motion for immediate writ of possession in order to be considered timely. In the absence of such authority, we conclude that Walker's pauper's affidavit should have been considered by the superior court even though it was filed after the writ. Having reached this conclusion, we note that in this case the superior court did in fact consider the pauper's affidavit before granting the writ.

Under OCGA § 9-15-2 (b) the superior court clearly had the authority to inquire into the validity and truthfulness of Walker's pauper's affidavit on its own even though no traverse affidavit was filed by Crane. However, under the above Code section any inquiry on the court's part in the absence of a traverse affidavit should have taken place during a separate hearing on the matter. After such a hearing, if the court determined that the supersedeas bond could have been paid by Walker, it should have entered an order directing that said bond be paid within a specified time before granting the writ. Even if we conclude that the hearing on the writ also constituted a separate hearing as to the validity of the pauper's affidavit, after said hearing the superior court did not enter any order requiring payment of the bond within a specified period of time. Moreover, it is evident from the record that Walker was not given sufficient notice of any hearing in which the validity of her pauper's affidavit would be questioned. See OCGA § 9-11-6 (d). Consequently, we reverse the superior court's grant of the writ. Furthermore, we remand this case back to the superior court with the instruction that a separate hearing on the validity of Walker's pauper's affidavit be held. At the conclusion of this hearing, if the court determines that Walker is not a pauper, the court should issue an order specifically directing Walker to pay the amounts owed under the supersedeas bond within a specified time or else the writ will be granted.

3. We reject Walker's contention that the superior court erred in failing to grant summary judgment to her in Crane's dispossessory action. There are genuine issues of material fact regarding the existence of any landlord/tenant relationship and as to whether demand for possession was made by Crane prior to bringing suit. Furthermore, Walker's contention that Crane's dispossessory action was res judicata as the result of the dismissal of Kathy's prior dispossessory action is untenable. Kathy's action was dismissed on jurisdictional grounds, and not on the merits of the case. See *Buie v. Waters*, 209 Ga. 608, 610 (74 SE2d 883) (1953); *Vogel v. State*, 196 Ga. App. 514, 515 (396 SE2d 262) (1990).

4. The remainder of Walker's enumerations are meritless.

*Judgment affirmed in part and reversed and remanded in part with instruction. McMurray, P. J., and Smith, J., concur.*

DECIDED MARCH 17, 1995.

*Gary C. Harris*, for appellant.

*J. Steven Astin, Glen A. Garrett, Joseph E. Cheeley, Jr.*, for appellee.