### A97A1622, A97A1623. BARHAM v. LEVY (two cases).

(492 SE2d 325)

BIRDSONG, Presiding Judge.

Dorothy Barham, an incapacitated adult, by her legal guardian and next friend, Christine Harris, appeals the judgment, based on a jury verdict in favor of Robert M. Levy, M.D., in Barham's action against Dr. Levy for medical malpractice. Barham's complaint alleged that Dr. Levy's negligence caused her to have a stroke and become incapacitated.

After Barham collapsed, she was taken to the hospital where the neurologist on call performed a cerebral arteriogram. This procedure was only partially successful, and the neurologist directed Dr. Levy to conduct a second arteriogram. Unfortunately, during the second procedure Barham suffered a stroke and incurred permanent brain damage. Initially, Barham sued the neurologist, Dr. Levy, the hospital involved, and others alleging various claims, including professional negligence. The complaint alleged that the physicians were liable because they negligently performed the first arteriogram and that negligence combined with Dr. Levy's negligence in performing the second arteriogram caused Barham's stroke.

The defendants moved for summary judgment on various grounds, but the only ground relevant here is that they contended that the first arteriogram did not cause Barham's stroke. The trial court granted this motion. On appeal to this Court, although the grant of summary judgment to Dr. Levy was reversed, the grant of summary judgment regarding the first arteriogram was affirmed in an unpublished opinion. In relevant part this Court held that Barham had produced no evidence that the first arteriogram caused her any injury because her own evidence negated her claim that the first procedure led to her stroke.

Upon remand the trial court granted Dr. Levy's motion in limine excluding evidence of alleged malpractice in the first arteriogram because that procedure had been determined as a matter of law not to have caused Barham's stroke. Evidence was introduced, however, regarding the facts surrounding the first procedure.

After a jury trial, a defense verdict resulted. Upon the denial of

Barham's motion for a new trial, these appeals followed.

In Case No. A97A1622, Barham contends the trial court erred by instructing the jury that Dr. Levy could not be held liable for medical complications, by excluding evidence that Dr. Levy participated in an improper medical procedure that allegedly contributed to Barham's injury, and by refusing to charge on concurrent negligence. In Case No. A97A1623, Barham appeals the trial court's order denying her affidavit of indigence. She contends the trial court erred by doing so because she is permanently disabled in a nursing home, has no assets, and is unable to pay the costs and expenses of an appeal because of her indigence. Dr. Levy did not contest Barham's affidavit and has not filed a traverse. Nevertheless, the trial court denied her affidavit, and Barham contends the trial court had no authority to do so sua sponte without conducting a hearing, without stating factual findings, and without traverse or challenge by the other party. *Held*:

### Case No. A97A1622

1. Barham contends the trial court erred by giving the following charge: "I charge you that in the event a patient develops a certain condition, or an event occurs which is recognized to be an accepted risk or known complication of medical treatment, that alone is not proof of negligence. I charge you that a stroke is a recognized complication of an arteriogram procedure." Barham does not contest the first sentence of this charge, and it is a correct statement of the law. See *Chavous v. Richmond County Hosp. Auth.*, 169 Ga. App. 473, 474 (313 SE2d 492); *Smith v. Luckett*, 155 Ga. App. 640, 641 (271 SE2d 891).

Instead, Barham focuses on the trial court's failure to charge the jury that a stroke was a *possible* complication of an arteriogram. It is a fundamental rule that jury instructions must be considered as a whole in determining whether there was error in the charge. *Hambrick v. State*, 256 Ga. 688, 690 (353 SE2d 177); *Dept. of Transp. v. Hillside Motors*, 192 Ga. App. 637, 640 (385 SE2d 746). When the charge is considered in that manner, we find no error in giving the charge to which Barham objects. The trial court fully charged the jury on the law concerning an allegation of professional negligence and, in particular, charged on the standards of care and what must have been established in order to hold Dr. Levy liable. Examination of the charge shows that the jury was not charged that Dr. Levy could not be found liable merely because Barham suffered a known complication of the procedure. Thus, the fact that "possible" was not used to describe "complication" is not fatal. It is understood that complications are themselves possibilities inherent in medical procedures. The effect of the charge given was to instruct the jury that Dr. Levy

could not be held liable merely because the jury found that Barham suffered a complication of the procedure. This also was a correct statement of the law. Accordingly, the trial court did not err.

2. We also find no error in the trial court's excluding the evidence regarding the first arteriogram procedure. The trial court had earlier concluded that there was no proof that this procedure caused Barham's injury, and this decision was affirmed by this Court on appeal. Therefore, this evidence was not relevant to the jury's determination of whether Dr. Levy should be held liable for his alleged negligence in the second arteriogram.

Because of the law of the case rule (OCGA § 9-11-60 (f)), the earlier decision of this Court affirming the trial court concerning the lack of causation was binding on the trial court on this issue, and it is also binding on this Court. *Eastgate Assoc., Ltd. v. Piggly Wiggly Southern*, 200 Ga. App. 872 (410 SE2d 129). Therefore, evidence that anyone was negligent in performing the first procedure was not relevant to the issues in this case because such negligence did not cause Barham's injury.

Further, as a general rule, admission of evidence is a matter resting within the sound discretion of the trial court, and appellate courts will not disturb the exercise of that discretion absent evidence of its abuse. *Whisnant v. State*, 178 Ga. App. 742, 743 (344 SE2d 536). As Barham has shown no abuse of discretion, this enumeration of error is without merit.

3. We also find no error in the trial court's refusal to charge on concurrent negligence. This charge is based on the allegation that the negligence in the first procedure operated in combination with Dr. Levy's concurrent negligence to produce Barham's injury. Because the first procedure was determined as a matter of law not to cause any injury to Barham, that negligence could not have been concurrent negligence with the negligence alleged in the second arteriogram. Therefore, a charge on concurrent negligence was not authorized by the evidence. "A request to charge itself must be correct, legal, apt, even perfect, and precisely adjusted to some principle involved in the case. If *any portion* of the request is inapt or incorrect, denial of the request is proper." (Punctuation omitted; emphasis in original.) *Mattox v. MARTA*, 200 Ga. App. 697, 699 (409 SE2d 267). Accordingly, this enumeration of error is also without merit.

### Case No. A97A1623

4. Although the trial court's ruling on all issues of fact concerning the ability of a party to pay costs is not subject to review (OCGA § 9-15-2 (b)) and a hearing is not required (*Morris v. Dept. of Transp.*, 209 Ga. App. 40 (432 SE2d 638)), in this instance no issue of fact was

presented because the affidavit of indigence was not contested and there is no evidence in the record showing that Barham was not indigent. Moreover, although the trial court had authority to inquire into the validity and truthfulness of the affidavit even in the absence of a traverse by the other party (*Walker v. Crane*, 216 Ga. App. 765, 767 (455 SE2d 855)), the court did not do so, and there is no evidence supporting the trial court's ruling. Accordingly, the trial court's order denying Barham's pauper's affidavit is reversed, and the case is remanded with instruction to grant indigent status to Barham. Although we appreciate the trial court's obvious concern for financial resources of the county, especially in cases such as these in which as Dr. Levy states, "whether the appellant is granted indigence status and permitted to proceed *in forma pauperis* is of no consequence to Dr. Levy," nevertheless, the denial of indigent status must be made upon matters in the record.

*Judgment affirmed in Case No. A97A1622. Judgment reversed with direction in Case No. A97A1623. Ruffin and Eldridge, JJ., concur.*

DECIDED SEPTEMBER 23, 1997 — 

*James W. Howard*, for appellant.
*Love & Willingham, Daryll Love, Traci G. Courville, Richard H. Hill II*, for appellee.