**WHOLE COURT**

NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**November 28, 2012**

# In the Court of Appeals of Georgia

A12A1500. BOYD et al. v. JOHNGALT HOLDINGS, LLC et al.

BRANCH, Judge.

Nathaniel and Lucy Boyd appeal the simultaneous dismissal of two earlier attempts to appeal rulings of the trial court. The chief issue before us is whether the trial court erred when it denied them pauper status with regard to their first appeal. We hold that the court's ruling on that issue was erroneous as a matter of law and that the effect of the error controls resolution of the remaining issues on appeal.

The facts relevant to our decision are undisputed. In October 2005, the Boyds brought suit for trespass and ejectment against JohnGalt Holdings, LLC, alleging JohnGalt acquired commercial property the Boyds owned in Atlanta as a result of a tax sale that was "null, void and of no force or effect." In 2007, the Boyds amended their complaint to add claims of tortious interference with property rights, breach of

contract, and rescission. JohnGalt answered and filed counterclaims, including a claim for quiet title, which prompted the court to appoint a special master to hear the case. In July 2009, the special master issued findings; on July 30, 2009, the trial court entered a "Non-Final Judgment and Order"[1] in which it approved and adopted those findings and decreed that title to the subject property was vested in JohnGalt. The court also assessed special master fees, 75% ($14,025) to JohnGalt and 25% ($4,675) to the Boyds.

On September 18, 2009, the Boyds timely[2] filed a notice of appeal to the Supreme Court[3] of the July 30 order and all prior rulings in the case and asked the clerk to omit nothing from the record. On September 29, 2009, the Boyds received a bill of costs from the clerk in the amount of $4,414. Sixteen days later, and pursuant to OCGA § 9-15-2 (a) (1), the Boyds each filed affidavits of indigence stating, "I wish to appeal from an adverse decision in this matter, but because of my poverty I am

---

[1] The special master only addressed JohnGalt's counterclaims for quiet title as to right of redemption and prescriptive rights. The trial court entitled the order "Non-Final," and the order is limited to approval and adoption of the special master's report. The parties' other claims, therefore, remain pending.

[2] Due to problems with service of the special master's report, the trial court vacated the July 30, 2009 order and reentered it on August 19, 2009.

[3] The Boyds appealed to the Supreme Court under that court's jurisdiction of cases involving title to land based on the special master's adjudication of JohnGalt's counterclaim to quiet title.

2

unable to pay costs or post any bond."[4] JohnGalt did not traverse the affidavit. More than three months later, on January 29, 2010, the trial court, acting sua sponte and without notice or a hearing, issued an order denying pauper status to the Boyds.

The Boyds filed an emergency motion for a hearing to reconsider the issue of indigence, as well as a request for additional time to appeal the ruling. They attached a new affidavit containing detailed factual support for the assertion of indigence. JohnGalt did not traverse this affidavit either. On March 1, 2010, and again without a hearing, the trial court refused to reconsider the issue of indigence. That same day, the Boyds filed a notice of appeal regarding the January 29, 2010 order.

Almost seven months elapsed before the clerk sent a bill for costs related to the Boyds' second appeal. In the meantime, the Supreme Court announced that, effective June 2, 2010, it had "adopted a change in its rules to ensure that those seeking to appeal a lower court's ruling will be able to afford to do so." The rule allows the parties themselves to submit a record appendix in lieu of the court clerk transmitting the record. See Rules of the Supreme Court of Georgia, Rule 67 (2) & (4). The Boyds received the bill of costs on September 28, 2010, for $4,489, essentially the same

---

[4] The Court Services Director of the Fulton County Superior Court Clerk's Office later testified that filing such an affidavit triggers no action by the clerk; she testified that unless there is a court order the appeal stops and, "We don't do anything. The cost bill has not been paid, there's nothing we can do."

3

amount as the earlier bill.[5] The Boyds then took steps to prepare a record appendix, including communicating with JohnGalt. They also filed an amended notice of appeal, dated October 29, 2010, indicating they would be operating under the new rule. JohnGalt then moved to dismiss the Boyds' appeals for failure to pay costs and argued that the Boyds had not complied fully with Rule 67. The Boyds eventually delivered the record appendix to the Supreme Court. Nevertheless, the trial court clerk refused to submit a revised statement of costs or take other steps to certify the Boyds' appeal so that it could be docketed in the Supreme Court.

The trial court then conducted a hearing on JohnGalt's motion to dismiss (but not on the pauper issue), following which it dismissed both of the Boyds' attempts to appeal – from the order adopting the decision of the special master and all prior orders, and from the denial of indigent status. The Boyds appealed for the third time. The Supreme Court transferred the case to this Court on the ground that it did not have jurisdiction because the Boyds had not appealed the merits of the quiet title action but only the dismissal of their two previous attempts to appeal.

1. "The dismissal of an appeal by the trial court is subject to direct appeal." *Castleberry's Food Co. v. Smith*, 205 Ga. App. 859, 860 (424 SE2d 33) (1992). And

---

[5] The new bill reflects a different amount due, in part because of a change in the number of pages to be processed.

4

although the order dismissing these appeals concerns, in part, a trial court's determination regarding the validity of a pauper's affidavit, which is normally not subject to review, see *Hawkins v. State*, 222 Ga. App. 461, 462 (1) (474 SE2d 666) (1996) (the determination by a trial court of whether a criminal defendant is indigent is not subject to appellate review); *Barham v. Levy*, 228 Ga. App. 594, 596 (4) (492 SE2d 325) (1997) (same in civil case), this appeal concerns the procedure used by the trial court when making an indigence ruling, which is appealable. *Hawkins*, 222 Ga. App. at 462 (1); see also *Barham*, 228 Ga. App. at 596 (4).

2. The Boyds contend the trial court erred by denying their initial attempt to secure indigent status because JohnGalt did not traverse their affidavits, the court did not hold a hearing on the matter, and, as a consequence, the court had no evidence upon which to base a denial of indigent status. Whether the trial court followed the correct procedure when it denied the Boyds indigent status is a question of law for this Court. See *Hawkins*, 222 Ga. App. at 462 (1); *Barham*, 228 Ga. App. at 596 (4)

Georgia law provides that a party unable to pay costs may present an affidavit to that effect and, as a result, "the party shall be relieved from paying the costs and his

5

rights shall be the same as if he had paid the costs." OCGA § 9-15-2 (a) (1).[6]

Similarly, OCGA § 5-6-47 (a) provides that such an affidavit "shall act as supersedeas." The language of these two code sections makes the filing of an affidavit of indigence a substitute for the payment of costs and operative as a supersedeas, such that, if not challenged, the indigent party may proceed without paying costs.[7]

OCGA § 9-15-2 provides two avenues of attack on such an affidavit. First, the opposing party may contest the affidavit by a sworn statement to the effect that the applicant's affidavit is not true. OCGA § 9-15-2 (a) (2).[8] If such a traverse is filed, the

---

[6] The complete subsection (a) (1) provides as follows:

When any party, plaintiff or defendant, in any action or proceeding held in any court in this state is unable to pay any deposit, fee, or other cost which is normally required in the court, if the party shall subscribe an affidavit to the effect that because of his indigence he is unable to pay the costs, the party shall be relieved from paying the costs and his rights shall be the same as if he had paid the costs.

[7] Compare Uniform Superior Court Rule 29.2, which, in criminal cases, requires "an application for appointment of counsel and certificate of financial resources, made under oath and signed by the accused" when accused persons contend they are financially unable to employ a defense attorney.

[8] OCGA § 9-15-2 (a) (2) provides:
Any other party at interest or his agent or attorney may contest the truth of an affidavit of indigence by verifying affirmatively under oath that the same is untrue. The issue thereby formed shall be heard and determined by the court, under the rules of the court. The judgment of the court on all issues of fact concerning the ability of a party to pay costs or give bond shall be final.

6

Code section provides that "[t]he issue thereby formed shall be heard and determined by the court, under the rules of the court." Id. The Supreme Court of Georgia has interpreted this language to mean that a hearing is required before the pauper's affidavit can be rejected if a traverse has been filed. *Taylor v. Public Convalescent Serv.*, 245 Ga. 805, 806 (2) (267 SE2d 242) (1980) (based on the identical words in prior version of OCGA § 9-15-2 (a) (2)).[9] See also *Clay v. State*, 122 Ga. App. 677,

---

[9] Prior to the addition of the court's own authority to inquire into the validity of the indigent affidavit in the absence of a traverse, Code Ann. § 24-3413 read as follows:

> When any party, plaintiff or defendant, in any suit at law or proceedings . . . shall be unable to pay any deposit, fee or other cost which may normally be required in such court, if such party shall subscribe an affidavit to the effect that from poverty he is unable to pay these costs, such party shall be relieved from paying such costs and his rights shall be the same as if he had paid such costs. Any other party at interest, or his agent or attorney, may contest the truth of such pauper's affidavit by verifying affirmatively under oath that the same is untrue. *The issue thereby formed shall be heard and determined by the court under the rules of the court.* The judgment of the court on all issues of fact concerning the ability of a party to pay costs or give bond shall be final.

(Punctuation omitted; emphasis supplied.) *Heath v. McGuire*, 167 Ga. App. 489, 492 (4) (306 SE2d 741) (1983); Ga. L. 1955, p. 584, §§ 1, 2. See also Ga. L. 1982, p. 933 § 1.

7

679 (4) (178 SE2d 331) (1970) (under prior version of § 9-15-2, court erred in requiring defendant, who had filed pauper's affidavit, to pay costs without a hearing thereon "simply because he was out on bond").[10]

Second, even in the absence of a traverse, the court itself may "inquire into the truth of the affidavit." OCGA § 9-15-2 (b). Here, the trial court inquired into the validity of the two pauper's affidavits, but it did not hold a hearing. In its order denying the Boyds indigent status, the court characterized those affidavits as a request to proceed without paying costs, and it analyzed the request as follows:

> In this case, the entirety of the proof of the Plaintiffs' poverty comes from their assertion that they are poor. The Plaintiffs have not supported this assertion by setting out a comparison of their income vis-a-vis their expenses, or in any other matter. The Court therefore has no means by which to judge the Plaintiffs' ability to pay these costs. And it is the Court's duty to make this determination, not the parties'.

The court then denied the Boyds indigent status.

---

[10] But see *Morris v Dept. of Transp.*, 209 Ga. App. 40 (432 SE2d 638) (1993) (where the pauper's affidavit has been traversed, OCGA § 9-15-2 (a) (2)'s requirement that the issue formed "shall be heard and determined by the court," does not require an evidentiary hearing). Because the present case does not involve a traverse, we need not address the apparent inconsistency between *Morris* and *Taylor*.

8

To determine whether a hearing was required in the absence of a traverse, we look first to the statute. The rules of construction require us to consider the statute as a whole and look for the intent of the legislature. OCGA § 1-3-1 (a). "When a statute contains clear and unambiguous language, such language will be given its plain meaning and will be applied accordingly." (Citations omitted.) *Opensided MRI of Atlanta v. Chandler*, 287 Ga. 406, 407 (696 SE2d 640) (2010). We also must "avoid a construction that makes some language mere surplusage." (Citations omitted.) *Slakman v. Continental Cas. Company*, 277 Ga. 189, 191 (587 SE2d 24) (2003); *Porter v. Food Giant*, 198 Ga. App. 736, 738 (1) (402 SE2d 766) (1991).

OCGA § 9-15-2 (b) sets out a procedure for contesting the truth of a pauper's affidavit in the absence of a traverse that specifically includes a hearing:

> In the absence of a traverse affidavit contesting the truth of an affidavit of indigence, the court may inquire into the truth of the affidavit of indigence. *After a hearing*, the court may order the costs to be paid if it finds that the deposit, fee, or other costs can be paid and, if the costs are not paid within the time permitted in such order, may deny the relief sought.

(Emphasis supplied.) Id. Thus, the plain language of the statute requires a hearing before a court may order costs to be paid. Nevertheless, two cases from this Court

9

come to opposite conclusions on the question of whether a hearing is required under these circumstances. See *Walker v. Crane*, 216 Ga. App. 765, 767 (2) (455 SE2d 855) (1995) ("any inquiry on the court's part in the absence of a traverse affidavit should have taken place during a separate hearing on the matter"). Compare *Sweet v. State*, 191 Ga. App. 516, 520 (11) (382 SE2d 376) (1989) (court inquiring into truth of indigent affidavit not required to hold hearing). The flaw can be found in *Sweet*, wherein the Court added its own parenthetical construction to the statute to delete the requirement of a hearing, as can be seen in the emphasized words:

> Appellant contends he was entitled to a hearing on the matter by OCGA § 9-15-2 (b). This section, however, does not mandate a hearing upon the mere filing of a petition in forma pauperis. It provides that the court "may" inquire into the truth of the affidavit of indigency, and "after a hearing" (*if it holds a hearing*) may award costs.

(Emphasis supplied.) *Sweet*, 191 Ga. App. at 520 (11). But there is nothing in the statute that allows a court inquiring on its own into the truth of a pauper's affidavit to order the payment of court costs without a hearing. For the above reasons, *Sweet v. State* is overruled.

The case of *Barham v. Levy*, 228 Ga. App. 594, upon which both sides rely, need not be overruled, but its citation to *Morris v. Dept. of Transp.* for the proposition

10

that "a hearing is not required" is dicta.[11] In *Barham*, after the plaintiff filed an affidavit of indigence, the opposing party did not traverse the affidavit, but the court nonetheless denied the plaintiff indigent status. Id. at 596-597 (4). This Court found there was no evidence in the record to support the trial court's order denying the plaintiff indigent status and therefore concluded, "the denial of indigent status must be made upon matters in the record." Id. at 597 (4). Thus, the statement regarding *Morris*, a case involving a traverse by the opposite party, was not necessary for the Court's decision. And *Barham* is consistent with our holding today in that, when the court is making its own inquiry, absent the required hearing there is no evidence in the record upon which to base a denial of indigent status.

Here, without a traverse or a hearing, the Boyds' affidavits stand unrebutted in the record, and the Boyds should have been relieved from paying costs without any adverse impact on their rights to pursue a legal remedy. Although the trial court attempted to inquire into the validity of the affidavit, it failed to hold the required hearing. All of the subsequent events were the result of this error. The court dismissed the Boyds' second appeal on the ground that there was an unreasonable delay of over

---

[11] Furthermore, *Morris*, a case involving a traverse, cited *Sweet*, a case where the court determined the matter on its own, for the proposition that a hearing was not required.

11

one year in the transmission of the record following the second notice of appeal and that the delay was inexcusable and caused by the Boyds' failure to pay costs of preparing the record. See OCGA § 5-6-48 (c). Based on the record currently before the trial court, however, the Boyds were entitled to proceed without paying costs, they were incapable of doing so, and it would have been futile to file another affidavit of indigence. Thus the trial court erred by dismissing the Boyds' second appeal as well. Accordingly, the trial court's order is reversed and the case remanded for an evidentiary hearing on the question of indigence before further proceedings on the merits. See *Mapp v. We Care Transp. Svcs.*, 314 Ga. App. 391, 393-394 (1) (724 SE2d 790) (2012) (remanding case for trial court determination of the truth of affidavits of indigence where court wrongly dismissed appeal of appellants who had filed the affidavits); *Walker*, 216 Ga. App. at 767 (2) (remanding case for a hearing on the validity of the affidavit of indigence). The Boyds' contention that the trial court's orders violated their constitutional rights need not be reached.

*Judgment reversed and case remanded. Ellington C. J., Barnes, P. J., Miller, P. J., Phipps, P. J., Doyle, P. J., Andrews, Adams, Dillard, McFadden, Boggs and Ray, JJ., concur.*

12