**FOURTH DIVISION**
**BARNES, P. J.,**
**RAY and MCMILLIAN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**May 1, 2015**

# In the Court of Appeals of Georgia

A15A0676. ANDERSON v. ALL AMERICAN QUALITY FOODS.

MCMILLIAN, Judge.

Appellant Wanda Anderson appeals, contending that the trial court erred by denying her motions to be designated indigent and dismissing her notice of appeal from the trial court's order granting summary judgment to appellee All American Quality Foods ("Quality Foods") and dismissing her second notice of appeal from the dismissal order. Having considered Anderson's contentions on appeal, we now affirm.

Pertinent to these issues, the record shows that on November 22, 2010, Anderson filed a renewed complaint seeking damages for injuries she allegedly received when she slipped and fell in a Food Depot store owned and operated by Quality Foods in Stockbridge, Georgia. The trial court entered an order granting

summary judgment to Quality Foods on March 28, 2012, and Anderson filed a notice of appeal and motion for reconsideration from that order on April 27, 2012 ("first notice of appeal"); Anderson's notice of appeal directed the trial court clerk to include the entire record on appeal, including the transcript from the summary judgment hearing.

A hearing was held on Anderson's motion for reconsideration of the summary judgment order on June 27, 2012, and the trial court denied Anderson's motion in July 2012.[1] On August 21, 2012, Anderson filed an amended notice of appeal to this Court and again directed the trial court clerk to include the entire record on appeal, including the hearing transcripts. The original and amended notices of appeal were signed by Anderson's attorney, who listed his address as "116 S. Main Street, Suite 9, Jonesboro, Georgia 30236." Also on August 21, 2012, the Clerk of the State Court of Henry County sent Anderson's attorney a statement for costs totaling $299, specifically stating that costs had to be paid within 20 days from the date of the

---

[1] The order denying Anderson's motion for reconsideration is not contained in the record on appeal, but Anderson indicated in her subsequent motion for designation of indigency that it was denied "on or about July 15, 2012." Further, many of our facts are taken from the trial court's orders, since the record on appeal is somewhat incomplete and there appears to be no dispute concerning the basic procedural history of this case.

statement. This notice of costs was sent by certified mail to the same address listed for Anderson's attorney on her original and amended notices of appeal.

On September 11, 2012, the trial court issued a rule nisi for a hearing on the status of Anderson's notice of appeal and to show cause why her notice of appeal should not be dismissed. On October 15, 2012, Anderson filed a motion for designation of indigency pursuant to OCGA § 9-15-2 and requested to be provided with a free copy of the motion hearing transcripts. Anderson attached an affidavit of indigence to her motion, which stated that she was unable to pay the costs of the appeal and the hearing transcripts.

Quality Foods filed a brief opposing Anderson's motion on October 24, 2012, noting Anderson's failure to serve Quality Foods' counsel with the amended notice of appeal and that Anderson had waited three months from the denial of her motion for reconsideration, and almost two months from the time the trial court clerk sent the statement of appeal costs, to file her motion to be designated indigent and relieved of the costs of pursuing her appeal and obtaining the transcripts. On October 29, 2012, the trial court issued an amended rule nisi, to provide for a hearing on Anderson's indigency status and her entitlement to a free copy of the transcript.

On April 3, 2014, the trial court entered an order dismissing Anderson's notice of appeal. The trial court found that it had attempted to determine Anderson's indigent status at the November 6, 2012 hearing, but that Anderson failed to appear at the hearing and that, therefore, it could not issue a finding of indigency; further, the trial court found that Anderson's October 15, 2012 affidavit of indigence was untimely because it was not filed until approximately 139 days after the transcripts were due to be filed. The trial court also noted that at the hearing it again asked Anderson's counsel[2] whether the transcripts had been ordered, and that Anderson's attorney argued that Anderson's indigent status relieved her of the obligation to file the transcript. Additionally, the trial court noted that Anderson's attorney had asserted that he had not received the bill of costs sent by the trial court clerk on August 21, 2012, and that those costs had not been paid.

Following the hearing, the trial court dismissed Anderson's notice of appeal based on her unreasonable and inexcusable delay in filing the hearing transcripts. See OCGA §§ 5-6-41; 5-6-42; 5-6-48 (c). Further, as an additional basis for dismissing

---

[2] The trial court indicated it made this same inquiry at the hearing on Anderson's motion for reconsideration.

the appeal, the trial court found that Anderson's failure to pay costs resulted in an unreasonable and inexcusable delay in transmitting the record to this Court. Id.

On May 5, 2014, Anderson filed a notice of appeal from, inter alia, the trial court's order dismissing her notice of appeal ("second notice of appeal"). Anderson again directed the trial court clerk to include the entire record on appeal, including the hearing transcripts. On July 2, 2014, the trial court issued a show cause hearing order to determine why Anderson's second notice of appeal also should not be dismissed for failure to pay costs.

On July 7, 2014, Quality Foods moved to dismiss Anderson's second notice of appeal and for attorney fees based on Anderson's failure to pay costs and failure to serve Quality Foods with her second notice of appeal, which Quality Foods asserted was part of an on-going pattern by Anderson's counsel to fail to serve it with Anderson's court filings.

On July 14, 2014, Anderson filed her second motion for designation of indigency and for a free copy of the hearing transcripts; Anderson's purported second affidavit of indigence was attached to her motion, but it was unsigned and unsworn. On July 16, 2014, the trial court issued an amended rule nisi, setting a show cause

hearing on the dismissal of Anderson's second notice of appeal and her second motion for designation of indigency.

On July 21, 2014, Anderson refiled her motion for indigency; although the affidavit of indigence attached to that motion was signed by Anderson and a Notary Public, the jurat was undated. Also on that date, Anderson filed a "response" to the trial court's July 2 and July 14, 2014, show cause orders and Quality Foods' motion to dismiss her second notice of appeal arguing, among other things, that neither she nor her attorney had ever received or rejected the statement of appeals costs sent by the clerk of the trial court,[3] and thus any delay in transmitting the record to this Court was caused by the failure of the trial court clerk to ensure that Anderson or her attorney received the statement of costs.[4]

On August 8, 2014, the trial court entered an order dismissing Anderson's second notice of appeal on the basis that she failed to timely transmit the record to

---

[3] However, as found by the trial court, the statement of appeals costs was sent to Anderson's counsel at his address of record via certified mail, return receipt requested, but the mailing was returned as "unclaimed" and "unable to forward."

[4] Anderson also filed a motion to recuse the trial court judge, and on July 24, 2014, the trial court issued an order denying Anderson's motion to recuse on the basis that the allegations set forth in her motion were untimely, legally insufficient, and did not warrant recusal. Anderson does not challenge that order on appeal.

this Court as required by OCGA § 5-6-48 (c) and failed to timely file an affidavit of indigence. Anderson now appeals from that order.[5]

1. Citing OCGA § 9-15-2 (a) (1), Anderson argues she did all the statute requires her to do in order to be designated indigent and relieved of paying the costs of her appeals, and that in the absence of a traverse by the defendant, the trial court was required to grant her motion for designation of indigency without any additional showing on her part. But Anderson's argument ignores the full text of the statute.

We start with the relevant statutory provisions. Pursuant to OCGA § 9-15-2 (a) (1),

> [w]hen any party, plaintiff or defendant, in any action or proceeding held in any court of this state is unable to pay any deposit, fee, or other cost which is normally required in the court, if the party shall subscribe an affidavit to the effect that because of his indigence he is unable to pay the costs, the party shall be relieved from paying the costs and his rights shall be the same as if he had paid the costs.

---

[5] We note that Quality Foods moved to dismiss Anderson's appeal in this Court on the grounds that she had failed to pay costs, provide a certificate of service with her brief, and repeatedly failed to serve pleadings on her opposing counsel. Although noting that we had previously reminded Anderson and her counsel of their obligation to serve filings pursuant to our Rule 6 and that we would be well within our discretion to dismiss Anderson's appeal, we declined to do so. However, we did impose a $250 sanction against Anderson's attorney for the failure to comply with our Rules.

7

However, OCGA § 9-15-2 further provides in subsection (a) (2) that,

> [a]ny other party at interest or his agent or attorney may contest the truth of an affidavit of indigence by verifying affirmatively under oath that the same is untrue. The issue thereby formed shall be heard and determined by the court, under the rules of the court. The judgment of the court on all issues of fact concerning the ability of a party to pay costs or give bond shall be final.

Further, contrary to Anderson's argument on appeal, the statute specifically provides that even

> [i]n the absence of a traverse affidavit contesting the truth of an affidavit of indigence, the court may inquire into the truth of the affidavit of indigence. After a hearing, the court may order the costs to be paid if it finds that the deposit, fee, or other costs can be paid and, if the costs are not paid within the time permitted in such order, may deny the relief sought.

OCGA § 9-15-2 (b).

As an initial matter we note that although Quality Foods did not file an affidavit under oath contesting the truth of Anderson's affidavit of indigence, Quality Foods did oppose Anderson's affidavit of indigence on other grounds. And in any event, under OCGA § 9-15-2 (b), the trial court had the authority to inquire into the truth of the affidavit even in the absence of a challenge from the opposing party. *Boyd*

8

*v. JohnGalt Holdings, LLC*, 318 Ga. App. 866, 871 (736 SE2d 459) (2012). As required by that section, the trial court in this case, after giving proper notice, held a hearing to determine the truth of Anderson's affidavit of indigence. Anderson did not attend the hearing and has not challenged the trial court's finding that her absence was without legal reason or excuse. Thus, the trial court was not required to accept Anderson's affidavit of indigence as true when she failed, without legal excuse or cause, to attend the hearing or to present evidence or testimony to allow the court to make a determination of her ability to pay. Accordingly, the trial court did not err by denying Anderson indigent status and refusing to relieve her of paying the costs of her first appeal. Cf. *Gruner v. Thacker*, 320 Ga. App. 146 (739 SE2d 440) (2013) (case remanded for further proceedings because trial court improperly denied pauper status without holding a hearing); *JohnGalt Holdings, LLC*, 318 Ga. App. at 870 (same).

Likewise, Anderson's second attempt to be declared indigent also failed because the jurat of the affidavit of indigence was undated and thus the affidavit was legally insufficient. *Hurt v. Norwest Mtg., Inc.,* 260 Ga. App. 651, 654 (1) (a) (580 SE2d 580) (2003) (affidavit of indigence invalid when signature of the notary "is not dated to indicate the notary was present at the same time the affiant signed the

9

document"); see also *Haygood v. Head*, 305 Ga. App. 375, 381 (4) (699 SE2d 588) (2010) (affidavit without valid jurat is insufficient); *Mitchell v. Cancer Carepoint, Inc.*, 299 Ga. App. 881, 882 (1) (683 SE2d 923) (2009) (affidavit of indigence that is not notarized is invalid). Accordingly, this enumeration is without merit.

2. Anderson also argues that because her request to designate her indigent was wrongfully denied by the trial court, we must also reverse the dismissal of her first and second notices of appeal because the delay in transmitting the record to this Court was solely caused by her inability to pay. However, because we have affirmed the trial court's denial of her motions for indigency, this enumeration also fails, and the trial court orders dismissing her appeals are affirmed.

*Judgment affirmed. Barnes, P. J., and Ray, J., concur*.