**FIFTH DIVISION**
**DILLARD, C. J.,**
**RAY and MERCIER, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**April 18, 2018**

# In the Court of Appeals of Georgia

A18A0224. DRAIN et al. v. LEE.

A18A0225. DRAIN et al. v. LEE.

RAY, Judge.

Lovone Joyce Drain, individually and as personal representative of the estate of her mother, Eloise Smith, filed two appeals from the trial court's orders related to claims she filed against, inter alia, the appellee herein, Dr. Peter Lee. We upheld the trial court's order granting Dr. Lee's motion to enforce an offer of judgment as to an award of attorney fees in an unpublished decision, *Drain v. Longleaf Hospice, LLC*, __ Ga. App. __ (Case No. A17A1452, decided February 27, 2018) ("*Drain I*"). The instant appeals, which are consolidated for our review, are related to *Drain I*. As these cases have a complicated procedural history, we will review only those portions pertinent to the instant appeals.

As an initial matter, the trial court granted summary judgment to Dr. Lee on Drain's claims against him. Drain did not appeal from that grant of summary judgment. Following this grant of summary judgment, Dr. Lee moved the to enforce an offer of judgment he had made to Drain pursuant to OCGA § 9-11-68. The trial court granted this motion. Drain appealed, and in *Drain I*, supra at pp. 13-15 (2) (b), we affirmed the trial court's grant of Dr. Lee's motion to enforce and its finding that Dr. Lee was entitled under OCGA § 9-11-68 (d) (1) to reasonable attorney fees and expenses of litigation.

However, after *Drain I* was docketed in this Court, Drain filed the two appeals that comprise the instant case, as will be explained below. Following the trial court's grant of Dr. Lee's motion to enforce, Dr. Lee sought a supersedeas bond, and Drain filed a pauper's affidavit stating that she was unable to pay that bond. The trial court determined on May 11, 2017, that Drain was not a pauper and ordered Drain to post bond. Drain filed a notice of appeal, and Dr. Lee moved to dismiss that notice of appeal. The trial court granted the motion to dismiss the notice of appeal on June 8, 2017. The trial court reasoned that its order finding that Drain was not a pauper and ordering supersedeas bond was not subject to review. Drain appeals from the trial court's order dismissing the notice of appeal in Case No. A18A0224 (*Drain II*). In

Case No. A18A0225 (*Drain III*), she appeals the trial court's order finding that she is not a pauper and ordering her to pay supersedeas bond.

Our Supreme Court has held that "Georgia law generally reserves to the appellate courts the authority to dismiss appeals. . . . An appellate court is the sole authority in determining whether a filed notice of appeal . . . is sufficient to invoke its jurisdiction." (Citations and punctuation omitted.) *Jones v. Peach Trader Inc.*, 302 Ga. 504, 506 (II) (807 SE2d 840) (2017), citing OCGA § 5-6-48. Thus, the trial court in *Drain II* erred in dismissing Drain's notice of appeal. However, OCGA § 5-6-47 (b) provides that "[t]he judgment of the [trial] court on all issues of fact concerning the ability of a party to pay costs or give bond *shall be final*." (Emphasis supplied). Accord *Cumberland Contractors, Inc. v. State Bank and Trust Co.*, 327 Ga. App. 121, 129 (5) (755 SE2d 511) (2014) ("[T]he trial court's ruling on the ability of the [d]efendants to post a bond is *not subject to review*") (citation omitted; emphasis supplied). OCGA § 5-6-48 (b) (2) provides for dismissal of appeals where, as here, "the decision or judgment is not then appealable[.]" Further, because of our determination in *Drain I* that the trial court's order as to Dr. Lee's motion to enforce judgment was correct, the appeals in both *Drain II* and *Drain III* are moot. See OCGA § 5-6-48 (b) (3) ("No appeal shall be dismissed or its validity affected . . . except: .

3

. . . . . [w]here the questions presented have become moot"). Therefore, we vacate the trial court's order in *Drain II* and dismiss that appeal as moot. See *Jones*, supra at 504. We also dismiss the appeal in *Drain III* as moot.

We note, however, that the instant cases raise procedural issues which the legislature may wish to address. Here, both *Drain II* and *Drain III* were docketed at the appellate level in the term of Court following the term in which we decided *Drain I*, which substantive decision underlies both subsequent appeals. This timing virtually assured that the posting of the supersedeas bond ordered by the trial court would be held in abeyance pending the outcome of the appeal in *Drain I*. The law is clear that, except in extraordinary circumstances,[1] the trial court's judgment on the ability of a party to pay costs or give bond is not reviewable. See *Cumberland*, supra at 129 (5). Yet, by filing a notice of appeal of an order on a pauper's affidavit and a notice appealing the trial court's dismissal of that appeal, a litigant effectively may delay the finality of the order on and posting of the supersedeas bond until a decision on the merits is rendered in the underlying case, which in the instant action was *Drain I*. The

---

[1] See *Barham v. Levy*, 228 Ga. App. 594, 596 (4) (492 SE2d 325) (1997) (remanding case and reversing trial court's order denying pauper's affidavit where no fact issues were presented, pauper's affidavit was not contested, and no evidence showed that appellant was not indigent; thus, no evidence supported the trial court's ruling).

4

appeals in *Drain II* and *III* demonstrate that, in some cases, OCGA § 5-6-47 (b) may effectively be rendered inert by a party who either appeals an unreviewable order or appeals improperly. For these reasons, further legislative consideration of this matter may be warranted.

*Judgment vacated and appeal dismissed in Case No. A18A0224. Appeal dismissed in Case No. A18A0225. Dillard, C. J., concurs. Mercier, J., concurs in the judgment only.\**


**\*THIS OPINION IS PHYSICAL PRECEDENT ONLY. SEE COURT OF APPEALS RULE 33.2.**