# Court of Appeals
# of the State of Georgia

ATLANTA,  October 21, 2025

*The Court of Appeals hereby passes the following order:*

**A26D0130. IN RE ESTATE OF MAE LOIS ERWIN REED, DECEASED.**

Porsha Erwin filed a motion to proceed in forma pauperis in the trial court, seeking to excuse record costs associated with filing an appeal. The trial court, apparently without holding a hearing, denied her motion based on its finding that Erwin did not qualify for a waiver of costs. Erwin then filed this timely application for discretionary review.

Under OCGA § 9-15-2 (a) (2), "[t]he judgment of the court on all issues of fact concerning the ability of a party to pay costs or give bond shall be final." Thus, typically, "a trial court's discretion when reviewing an affidavit of indigence is not appealable[.]" *In re Estate of Woodall, Jr.*, 374 Ga. App. 16, 21 (2) (910 SE2d 830) (2024) (citation and punctuation omitted).

However, an exception exists "where the appellant challenges the procedure used by the trial court in making its ruling." *Woodall*, 374 Ga. App. at 21 n.8 (2). See *Boyd v. JohnGalt Holdings, LLC*, 318 Ga. App. 866, 868 (1) (736 SE2d 459) (2012). For example, in *Boyd*, this Court held that the appellant's challenge to the trial court's failure to holding a hearing was directly appealable and warranted reversal. See *Boyd*, 318 Ga. App. at 868, 868–72 (1)-(2).

Based on the limited record before us, the trial court appeared to deny Erwin's motion to proceed in forma pauperis without holding a hearing, and Erwin cites to *Boyd* in her application. Erwin also argues that the trial court erred in basing its decision on her prior rather than her current ability to pay. Thus, the trial court's order appears to be directly appealable. Under OCGA § 5-6-35 (j), this Court will

grant a timely application for discretionary review if the lower court's order is subject to direct appeal. See *City of Rincon v. Couch*, 272 Ga. App. 411, 412 (612 SE2d 596) (2005). Accordingly, this application is hereby GRANTED. Erwin shall have ten days from the date of this order to file a notice of appeal in the trial court. See OCGA § 5-6-35 (g).



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,__10/21/2025_____*

     *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

     *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*